THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD EUGENE ISRINGHAUS, Defendant-Appellant.

Fifth District   No. 75-48

Opinion filed May 20, 1976.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Is the revocation of parole a direct or a collateral consequence of a conviction of a subsequent crime by a plea of guilty?

Defendant, Donald Isringhaus, was indicted for armed robbery. Pursuant to negotiations he pled guilty to the reduced charge of robbery and received a sentence of two to six years, the terms the State had agreed to recommend. At the time of his plea, defendant was on parole from a sentence on a previous conviction. The only issue presented for review by

defendant is whether the court erred in failing to inform defendant before acceptance of his plea that his parole could, and for all practical purposes, would be revoked as a consequence of his plea of guilty.

Defendant appeared in open court on October 24, 1974, at which time defense counsel informed the court of his client's desire to plead guilty in exchange for a reduction of the charge to robbery and a sentence recommendation of two to six years. The court then advised defendant personally and determined his understanding of certain of the consequences of pleading guilty.

The factual basis of defendant's plea indicates that defendant was one of three masked men who entered the home of the complaining witness and his wife on the night of August 10, 1974, threatened them at gunpoint, and took $30. On August 16, 1974, defendant confessed his crime.

Before accepting defendant's plea, the court reviewed the written confession. Defense counsel then indicated that his choice not to pursue the motion to suppress the confession was a "tactical decision" prompted by the plea negotiations and the "risk" attendant to pursuing the motion and going to trial. The court inquired of defendant whether he understood what was transpiring with respect to the motion, including the fact that if a hearing were held and the motion were sustained, then defendant could "go free." Defendant indicated his understanding and his continuing desire to plead guilty to robbery.

Defendant contends that parole revocation is a "direct" consequence of a guilty plea and that a defendant must be informed of this fact pursuant to Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402), in order that the record will affirmatively show that defendant's guilty plea was knowingly and understandingly entered.

The State initially answers that this issue is not properly cognizable on appeal because nothing exists in the record to show that defendant's parole has in fact been revoked. The State correctly notes that the only mention of actual revocation is contained in three letters attached to defendant's brief. Because, however, defendant contends that he should have been advised of the *possibility* of parole revocation before entering his guilty plea, we reach the merits of defendant's contention.

Defendant rightly points out that a distinction exists between those consequences of a plea of guilty that are "direct" and those that are "collateral." The Illinois Supreme Court has held that a trial court need not advise a defendant who pleads guilty while on probation for a prior offense that his probation may be revoked as a result of the plea. (*People v. Warship*, 59 Ill. 2d 125, 319 N.E.2d 507.) The *Warship* court found that revocation of probation is a collateral consequence of a plea of guilty. The court also noted that Rule 402 contains no language that specially requires the court to admonish a defendant of the possibility that his

probation might be revoked. Our reading of *Warship* suggests that "direct" consequences of a guilty plea are those consequences which the trial court may impose upon a defendant at the time the court sentences him for the crime or crimes to which he pled guilty.

The United States Court of Appeals in *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364 (4th Cir. 1973), a case cited in *Warship*, appears to agree with this analysis. In *Cuthrell*, the Fourth Circuit held that a habeas corpus petitioner's plea of guilty to State criminal assault charges was voluntarily and understandingly given. Petitioner contended that he was not advised prior to acceptance of his plea that he might, as a result of the plea, be sent to an institution for diagnosis and treatment under the Maryland Defective Delinquent Act. In rejecting this contention, the court indicated that the petitioner could only be sent to the evaluation and treatment facility after a separate civil proceeding in which he would be afforded due process rights, including the right to trial by jury. 475 F.2d 1364, 1366.

■■ Contrary to defendant's assertion, an accused has essentially the same due process rights at a parole revocation proceeding as he has at a probation revocation proceeding. (Compare Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—9 with par. 1005—6—4; see *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756. The analogy between the instant case and *Warship* is even more compelling when one considers that the only mandatory condition of any parole as well as one of the only two mandatory conditions of any probation is that defendant not commit another offense. (Compare Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—7(a), with par. 1005—6—3(a).) Despite the fact that the decision to revoke probation is judicial, while the revocation of parole is administrative in nature, we believe that *Warship* is controlling in the instant case.

■■ *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505, a case cited by defendant, does not support his position. In *Wills* our Supreme Court held that a defendant must be advised of the mandatory parole term which is statutorily attached to a felony conviction (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)). The Illinois mandatory parole term is a direct consequence of a defendant's plea because it is part of the sentence imposed at the sentence hearing. Parole revocation, on the other hand, occurs at a later date following both a preliminary hearing and revocation hearing with its attendant due process rights. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—9.) Revocation of parole, unlike the mandatory parole term, is thus a collateral consequence of a defendant's guilty plea. There is, accordingly, no necessity that a defendant be specifically advised of the possibility of revocation of parole during a guilty plea proceeding pursuant to Rule 402(a)(2).

We note that at the time of parole every criminal defendant is specially

made aware of the possibility of revocation. As mentioned above, section 3—3—7(a) of the Unified Code of Correction (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—7(a)) provides that a condition of every parole is that the parolee will not commit another offense during his parole term. The statute further provides that the conditions of a defendant's parole are to be given to him in writing prior to his release and that he must sign a copy of these conditions. Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—7(c).

The record in this case shows that prior to entering his guilty plea defendant was aware of the possibility of parole revocation. The presentence report indicates that a parole violation warrant was served on defendant after his arrest for this offense. (The affidavit of probation officer Gary L. Schumaster, which supplements the record, confirms that the date given in the presentence report for service of the warrant, "3-27-74," is incorrect. The proper date is 8-27-74.) The presentence report also states that defendant had waived his preliminary hearing on the parole violation warrant before pleading guilty to this offense. We notice that defendant also mentioned his parole status in his motion to suppress. For the foregoing reasons, we find defendant's contention without merit.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.