THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY SCOTT AKERS, Defendant-Appellant.

Fourth District   No. 4—84—0638

Opinion filed October 17, 1985.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

On June 4, 1982, defendant while on parole pleaded guilty to a charge of residential burglary. (Ill. Rev. Stat. 1981, ch. 38, par. 19—3.) Subsequently, the trial court sentenced defendant to eight years' imprisonment with the sentence to be served consecutively to any time served as a result of any parole revocation. Defendant filed a petition and an amended petition for post-conviction relief. Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*

In his petitions, defendant alleged the sentence was not pursuant to the plea bargain to which he had agreed. After a hearing, the trial court dismissed the petitions. Defendant appeals, arguing his plea was involuntary because the trial court failed to admonish him of the possibility of consecutive sentences and the State did not comply with the plea bargain. The State argues the plea was voluntary because consecutive sentencing is a collateral consequence of a plea. The State also argues that testimony presented at the post-conviction hearing shows defendant agreed to a consecutive sentence.

■ The transcripts of the June 4, 1982, plea hearing show the trial court did not advise defendant of the possibility of consecutive sentencing prior to accepting his plea. Additionally, neither defendant's trial counsel nor the prosecutor mentioned the possibility of consecutive sentencing on the record. We therefore, reverse, vacate the plea, and remand to give defendant an opportunity to plead anew.

At the June 4, 1982, hearing, the trial court purported to admonish defendant according to Supreme Court Rule 402 (87 Ill. 2d R. 402). However, in stating the minimum and maximum sentences, the trial court failed to advise defendant that the sentence could be made consecutive to a sentence imposed as a result of a prior conviction or revocation of parole. 87 Ill. 2d R. 402(a)(2).

The prosecutor stated that in exchange for the plea, the State would move to dismiss another charge and confine its sentencing recommendation to 10 years. Defendant stated that he had discussed the agreement with his attorney and understood it. The trial judge pointed out that based upon defendant's history, defendant could be sentenced to the full range of sentences previously stated, considering the limitations stated in the agreement. Defendant indicated that no other promises had been made in exchange for his plea and that the prosecutor's summary of the factual basis of the offense was accurate. The trial court accepted the plea, dismissing the other charge.

A sentencing hearing was held on July 8, 1982. At the hearing, the State recommended defendant be sentenced to 10 years' imprisonment served consecutive to any sentence received as a result of a parole rev-

ocation. The court sentenced defendant to eight years' imprisonment consecutive to "any time served as a result of any parole revocation."

On December 7, 1983, defendant filed a *pro se* petition for post-conviction relief. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) In the petition, defendant alleged that he was denied his constitutional rights because his sentence did not comply with his original plea bargain. Appointed counsel filed an amended petition which questioned the consecutive nature of the sentence.

At the hearing on defendant's petition, defendant's trial counsel and the prosecutor stated that they had discussed consecutive sentencing. Defense counsel testified that he informed defendant that the State would not recommend a concurrent sentence. Defense counsel was certain defendant knew that under his agreement the recommendation would be for a consecutive sentence.

Defendant testified in his own behalf. He stated that no one had advised him that his sentence could be a consecutive one prior to his plea. Defendant stated that he would not have pleaded guilty had he known a consecutive sentence could be imposed. His parole on a previous offense had been revoked. His sentence for residential burglary had been made consecutive to the sentence on his previous offense.

The court at the post-conviction hearing asked the trial attorneys whether any conversations about consecutive sentencing had occurred in open court. The prosecutor stated that he was not sure. The hearing transcripts show that consecutive sentencing was not mentioned at the plea hearing.

The post-conviction court found the allegations of the petition were unfounded. It noted that even if testimony could be viewed as reflecting on the voluntariness of defendant's plea, defendant's testimony was not credible. The court denied relief.

Defendant appeals.

Supreme Court Rule 402(a)(2) states:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
\* \* \*
(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." 87 Ill. 2d R. 402(a)(2).

■ Generally, a prosecutor's unfulfilled promise or a trial judge's misrepresentation as to the sentence to be imposed invalidates a guilty plea. A plea entered in reliance upon misrepresentations is not considered voluntary. (*People v. Matthews* (1975), 60 Ill. 2d 123, 324 N.E.2d 396; *People v. Washington* (1967), 38 Ill. 2d 446, 232 N.E.2d 738.) A contention raising such an issue is cognizable under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*). (*People v. Culp* (1984), 127 Ill. App. 3d 916, 468 N.E.2d 1328.) A violation of a statute or procedural rule which does not constitute a deprivation of fundamental rights is not cognizable under proceedings for post-conviction relief. (*People v. Robinson* (1978), 66 Ill. App. 3d 601, 606, 384 N.E.2d 420, 424-25.) Supreme Court Rule 402 by its terms requires substantial compliance. Therefore, noncompliance with Rule 402 would not necessarily raise an issue of constitutional dimension.

However, noncompliance is relevant in a post-conviction proceeding because the record must demonstrate that defendant's plea was intelligently and voluntarily made. (*People v. Turner* (1975), 25 Ill. App. 3d 847, 323 N.E.2d 371.) Therefore, a court must consider whether the rule was violated and whether the violation rendered the plea involuntary. *People v. Culp* (1984), 127 Ill. App. 3d 916, 921, 468 N.E.2d 1328, 1331; *People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420.

During the June 4, 1982 hearing, the court stated:

"That offense is classified as a Class 1 Felony, and as such upon conviction carries the following possible penalties: It carries a possible sentence to the penitentiary for a specific term, anywhere between four years and 15 years. Any penitentiary sentence carries with it also a period of two years of mandatory supervised release after serving any such sentence, otherwise known as parole. It carries a possible monetary fine of up to ten thousand dollars. Any probation or conditional discharge, if either of those was thought to be an appropriate sentence, could be up to four years. And any periodic imprisonment, if that was thought to be appropriate, could be during a period from three to four years."

■ The record in the instant case shows that the court did not advise defendant of the possibility of consecutive sentences. Supreme Court Rule 402 is not substantially complied with when the court fails to state the maximum sentence to which defendant is subject. (*People v. Mackey* (1965), 33 Ill. 2d 436, 211 N.E.2d 706; *People v. Culp* (1984), 127 Ill. App. 3d 916, 468 N.E.2d 371; *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329; *People v. Ramirez* (1974), 18 Ill. App. 3d 30, 309 N.E.2d 313.) A plea entered under such circumstances is not

voluntary. *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329.

The State argues that the consecutive sentence was a collateral consequence of the plea. A court need not advise defendant of collateral consequences of guilty plea. (*People v. Isringhaus* (1976), 38 Ill. App. 3d 535, 347 N.E.2d 834.) The State's argument has little merit. The terms under which defendant's sentence will be served are a direct consequence of his plea. In *People v. Flannigan* (1971), 131 Ill. App. 2d 1059, 267 N.E.2d 739, the court stated that where a defendant is charged with more than one offense, the manner in which he might have to serve sentences for those offenses is vitally important. Consecutive sentencing is a direct consequence of the plea. In *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507, the court stated that revocation of probation is a collateral consequence of a guilty plea. The court noted that examples of direct consequences of the plea requiring admonition are found in provisions of the Criminal Code of 1961 which provide for higher penalties for subsequent convictions of the same crime. A similar situation is presented where a defendant is subject to consecutive sentencing.

In the instant case, the consecutive sentence was a direct result of defendant's plea of guilty while he was on parole. Failure to admonish defendant of the consequences of the plea rendered it involuntary. Therefore, the plea must be vacated and the cause remanded to allow petitioner an opportunity to plead anew.

The prosecutor at the guilty plea hearing stated that in exchange for the plea, the People would recommend 10 years' imprisonment. At the sentencing hearing, the recommendation included that the sentence be consecutive. Defendant argues that this was not the bargain he agreed to and his plea was consequently involuntary. (*People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420.) The State argues essentially that the post-conviction hearing testimony establish that defendant knew the terms of his agreement and the agreement was voluntary.

■ A defendant is not chargeable with matters *dehors* his own record. As was said in *Culp*, part of the purpose of Rule 402 is to provide a procedure for eliminating doubt that the plea was made with full knowledge and understanding on defendant's part. Compliance with the procedures set forth in Rule 402 alleviates the need for an after-the-fact determination of knowledge and understanding based upon implications from the record and testimony at post-conviction proceedings. (*People v. Culp* (1984), 127 Ill. App. 3d 916, 468 N.E.2d 1328; *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 470 N.E.2d 1210.)

The transcripts of the June 4, 1982, and July 8, 1982, hearings substantiate that defendant was not advised of the potential for a consecutive sentence before the court sentenced him. Under the circumstances, defendant's plea was involuntary and must be vacated.

■ Since defendant's plea is vacated and he will have an opportunity to plead anew, we note an additional defect in the sentencing order. The trial court sentenced defendant to eight years' imprisonment with the sentence to be served consecutively to "any time served as a result of any parole revocation." The record in the instant case does not contain any specific reference to the offense for which defendant was placed on parole. In *People v. Walton* (1969), 118 Ill. App. 2d 324, 333-34, 254 N.E.2d 190, 194-95, we stated that a sentence should be so complete as not to require construction by the court to ascertain its import. It should not be necessary for a nonjudicial or ministerial officer to supplement the written record to ascertain its meaning. (See *People v. George* (1979), 75 Ill. App. 3d 140, 393 N.E.2d 1182.) In *People v. Starnes* (1980), 88 Ill. App. 3d 1141, 411 N.E.2d 125, the court held that a sentence made consecutive to any anticipated sentence in a parole revocation is sufficiently complete where the case number of the prior offense is in the record. The instant record does not contain any information about the prior offense.

■ Finally, defendant argues that his post-conviction counsel did not comply with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)). Supreme Court Rule 651(c) requires the record in a post-conviction proceeding show that petitioner's attorney consulted with the petitioner, examined the trial record, and made any necessary amendments to the *pro se* petition. (*People v. Bennett* (1980), 82 Ill. App. 3d 596, 403 N.E.2d 50.) The instant record demonstrates that post-conviction counsel was familiar with the trial transcripts. He amended the petition incorporating the *pro se* allegations and adding other factors. Post-conviction counsel also filed a certificate of compliance in this court stating that he consulted with defendant. We find counsel complied with Supreme Court Rule 651(c). *People v. Slifer* (1973), 15 Ill. App. 3d 136, 304 N.E.2d 153.

For the foregoing reasons, we reverse the order of the trial court which dismissed the post-conviction petition, vacate the sentence, vacate the plea, and remand with directions that plaintiff be allowed to plead anew.

Reversed and remanded with directions.

WEBBER and McCULLOUGH, JJ., concur.