# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Bahrs*, 2013 IL App (4th) 110903

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHAWN BAHRS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0903 |
| Filed | April 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's sentences for aggravated driving under the influence of alcohol, driving while his license was revoked, and aggravated fleeing were reversed and the cause was remanded for a new sentencing hearing where defendant would be represented by counsel or, after waiver of counsel following proper admonishments pursuant to Supreme Court Rule 401(a), unrepresented, since defendant's waiver of counsel at his sentencing hearing was invalid where the trial court failed to advise him that his sentence for aggravated fleeing would be consecutive, rather than concurrent, to his other sentences. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 11-CF-204; the Hon. Richard P. Klaus, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Martin J. Ryan, all of State Appellate Defender's Office, of Springfield, for appellant. |
| --- | --- |
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion. Justices Pope and Holder White concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Shawn Bahrs, is serving a total of 33 years' imprisonment for aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a)(2), (d)(2)(D) (West 2010)), driving while his driver's license was revoked (625 ILCS 5/6-303(a) (West 2010)), and aggravated fleeing (625 ILCS 5/11-204.1(a)(4) (West 2010)). He appeals from those sentences, and his primary argument is that his waiver of counsel in the sentencing hearing was invalid as a consequence of the trial court's failure to admonish him that one of his prison sentences, the sentence for aggravated fleeing, would run consecutively to the other two sentences rather than concurrently with them. See Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984). We agree with that argument and thus do not reach defendant's remaining arguments, which have to do with the *per diem* credit (725 ILCS 5/110-14 (West 2010)) and duplicate fees. Therefore, we reverse the sentences and remand this case with directions to hold a new sentencing hearing, in which defendant will be represented by counsel or, alternatively, unrepresented by counsel if he waives counsel after complete admonitions pursuant to Rule 401(a).

¶ 2                                  I. BACKGROUND

¶ 3    On July 20, 2011, a jury found defendant guilty of all three charges: aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a)(2), (d)(2)(D) (West 2010)), driving while his driver's license was revoked (625 ILCS 5/6-303(a) (West 2010)), and aggravated fleeing (625 ILCS 5/11-204.1(a)(4) (West 2010)).

¶ 4    Appointed defense counsel filed a motion for acquittal or, in the alternative, for a new trial. Also, defendant personally filed some *pro se* posttrial motions, including a motion for a new trial, in which he asserted that his defense counsel had provided ineffective assistance.

¶ 5    In a hearing on September 7, 2011, the trial court denied all these posttrial motions, whereupon defendant requested the court to dismiss defense counsel and to appoint a new

defense counsel. The court refused to do so. The court told defendant his options were either to be represented further by the current defense counsel or to proceed *pro se*, without any continuance. The trial court admonished defendant as follows:

> "THE COURT: You will receive no extra benefit from being pro se. You will be treated as any lawyer would be treated. You will confine yourself to the way that these proceedings are ordinarily conducted, and there will be no continuance.

> Understand, Mr. Bahrs, you were found guilty of three counts. Count I is aggravated driving under the influence. It is a Class 1 DUI because it is your fifth. Because of your prior offenses it is an X which means you will be sentenced to between 6 and 30 years in the Department of Corrections with a 3 year period of mandatory supervised release. The other 2 counts are Class 4 counts because you're charged with an X in Count I. Those counts are subject to 1 to 3 years in the Department of Corrections each with a 1 year period of mandatory supervised release.

> If you wish to proceed pro se, that is your right, but I will not continue this sentencing hearing."

¶ 6        Complaining that his appointed defense counsel was inexperienced and that the services of the public defender's office had actually been detrimental to his case, defendant elected to represent himself in the sentencing hearing. Accordingly, the trial court excused and released the appointed defense counsel.

¶ 7        After the trial court excused defense counsel, defendant told the court:

> "MR. BAHRS: At this time, Your Honor, I'd like to request the full discovery.

> THE COURT: Sentencing, Mr. Bahrs. Not trial.

> MR. BAHRS: To reconsider.

> THE COURT: Not discovery.

> MR. BAHRS: I'd like to reconsider and file a new motion.

> THE COURT: The motions are done, Mr. Bahrs.

> MR. BAHRS: Okay. Well I'd like–

> THE COURT: I'm taking up sentencing."

¶ 8        The case entered the sentencing phase. The State presented the presentence investigation report. The trial court asked defendant if he had any evidence in mitigation. Defendant asked what "mitigation" meant, and the court replied it could not give him any legal advice. Defendant said: "No. I have no evidence with me for any mitigation because I didn't know this will turn out like this ***."

¶ 9        The prosecutor then made a closing argument, and when it came time for defendant to make his closing argument, he told the trial court he would like to present a character witness, Kristen Douglas. The court allowed him to reopen the evidence, and Douglas testified.

¶ 10        Then, after hearing further arguments, the trial court sentenced defendant to 30 years' imprisonment for aggravated driving under the influence, 3 years' imprisonment for driving while his driver's license was revoked, and 3 years' imprisonment for aggravated fleeing.

The court ordered that the prison terms for the first two offenses run concurrently but that the prison term for the third offense, aggravated fleeing, run consecutively to the concurrent prison terms.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant argues that his waiver of counsel was invalid because the trial court failed to comply fully with Rule 401(a)(2): the court failed to admonish him that the prison term for aggravated fleeing would run consecutively to the concurrent prison terms for the other two offenses. Rule 401(a) provides as follows:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

> (1) The nature of the charge;

> (2) The minimum and maximum sentence prescribed by law, *including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences*; and

> (3) That he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." (Emphasis added.) Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 13    We decide *de novo* whether the trial court complied with this supreme court rule. See *People v. Yusuf*, 409 Ill. App. 3d 435, 438 (2011); *People v. Roberson*, 401 Ill. App. 3d 758, 763 (2010); *People v. Taylor*, 345 Ill. App. 3d 1064, 1083 (2004).

¶ 14    The trial court did not fully comply with subparagraph (2) of Rule 401(a). That subparagraph required the court to inform defendant, and to make sure he understood, "the penalty to which [he might] be subjected because of *** consecutive sentences." Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984). In its admonitions to defendant, the court never mentioned that any of the prison terms would be consecutive, even though the maximum aggregate penalty depended on whether any of the prison terms would be consecutive. If all 3 prison terms had been concurrent, the maximum penalty would have been only 30 years' imprisonment plus mandatory supervised release. If, on the other hand, the prison term for aggravated fleeing had run consecutively to the other 2 prison terms, the maximum penalty would have been 33 years' imprisonment plus mandatory supervised release. The consecutive, as opposed to the concurrent, running of a prison term would make a difference in defendant's exposure. The failure to inform defendant that the prison term for aggravated fleeing would run consecutively to the other two prison terms was a failure to explicitly inform him of the true maximum penalty he faced.

¶ 15    Understating the maximum penalty does not satisfy Rule 401(a) (*People v. Koch*, 232 Ill. App. 3d 923, 927 (1992)), except, perhaps, in the unusual case in which the defendant has such a high degree of legal expertise that one may confidently assume he or she already knows the maximum penalty (*People v. Eastland*, 257 Ill. App. 3d 394, 399 (1993)). Understating the *minimum* penalty is excusable if the defendant was sentenced to death.

-4-

"Under very limited circumstances," in cases in which the death penalty was imposed, the supreme court has found " 'substantial compliance' " with Rule 401(a) even though the trial court had failed to inform the defendant of the *minimum* penalty he faced. *Koch*, 232 Ill. App. 3d at 927 (citing *People v. Coleman*, 129 Ill. 2d 321, 334 (1989), and *People v. Johnson*, 119 Ill. 2d 119, 132 (1987)). But we have held that a trial court's admonitions regarding the *maximum* penalty must be "accurate" before the court accepts the defendant's waiver of counsel. *Koch*, 232 Ill. App. 3d at 927. To be accurate, the admonitions regarding the maximum penalty must be complete, and to be complete, the admonitions must inform the defendant of the consecutive running of any prison term, as the rule requires (Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984)).

¶ 16        In fact, as defendant reminds us, we specifically held, in *People v. Akers*, 137 Ill. App. 3d 922, 926 (1985), that a failure to admonish the defendant regarding the consecutive running of sentences amounted to a failure to admonish him regarding the maximum sentence. We said: "The record in the instant case shows that the court did not advise [the] defendant of the possibility of consecutive sentences. Supreme Court Rule 402 is not substantially complied with when the court fails to state the maximum sentence to which [the] defendant is subject." *Id.*

¶ 17        The State responds, first, that *Akers* is distinguishable because it applied Illinois Supreme Court Rule 402 (eff. Feb. 1, 1981), regarding admonitions preparatory to accepting a guilty plea, rather than Rule 401, regarding admonitions preparatory to accepting a waiver of counsel.

¶ 18        Second, in further response to defendant's citation of *Akers*, the State points out that a trial court can substantially comply with Rule 402(a) without mentioning the consecutive running of sentences. In this connection, the State cites *People v. Baker*, 133 Ill. App. 3d 620, 622 (1985).

¶ 19        Third, the State observes that the appellate court has found substantial compliance with Rule 401(a) "even when the trial court omit[ted] entire portions of the required admonitions," as in *People v. Phillips*, 392 Ill. App. 3d 243, 262-63 (2009), and *Eastland*, 257 Ill. App. 3d at 399.

¶ 20        Fourth, the State suggests that the consecutive running of the maximum 3-year prison term for aggravated fleeing "paled" in comparison to the maximum 30-year prison term for aggravated driving under the influence. Apropos of that point, the State cites *People v. Haynes*, 174 Ill. 2d 204, 243 (1996).

¶ 21        Fifth, the State argues that defendant suffered no prejudice, because there is no reason to suppose he would have kept his appointed defense counsel had the trial court informed him that his sentence for aggravated fleeing would run consecutively to his other sentences. As authority for that argument, the State cites *Johnson*, 119 Ill. 2d at 134, and *Phillips*, 392 Ill. App. 3d at 263.

¶ 22        We will address each of those arguments in turn.

¶ 23            A. The State's Argument That *Akers* Is Distinguishable
                        Because It Involved a Different Rule

¶ 24        In *Akers*, 137 Ill. App. 3d at 924, the defendant offered to plead guilty to a charge of residential burglary. Rule 402(a) required the trial court to give him certain admonitions before accepting his proposed guilty plea (*id.* at 925), just as Rule 401(a) requires a trial court to give a defendant certain admonitions before accepting a proposed waiver of counsel. As in Rule 401(a), one of the admonitions in Rule 402(a) regarded the potential punishment the defendant could receive. Indeed, Rule 401(a)(2) and Rule 402(a)(2) are worded identically: according to both rules, the court must tell the defendant "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984); Ill. S. Ct. R. 402(a)(2) (eff. Feb. 1, 1981).

¶ 25        The trial court in *Akers* told the defendant the minimum and maximum sentences for residential burglary, but the court failed to tell him that his sentence for residential burglary could be made consecutive to any sentence imposed upon him as a result of a prior conviction or a revocation of parole. *Akers*, 137 Ill. App. 3d at 924. The court "sentenced [him] to eight years' imprisonment with the sentence to be served consecutively to any time served as a result of any parole revocation." *Id.* The defendant subsequently argued his plea was involuntary because the court had failed to admonish him regarding the possibility of a consecutive sentence. *Id.*

¶ 26        We held that, by failing to inform the defendant of the possibility of a consecutive sentence, the trial court had "fail[ed] to state the maximum sentence to which [the] defendant [was] subject" and that this omission could not be regarded as a substantial compliance with Rule 402. *Id.* at 926. In the absence of a record showing substantial compliance with Rule 402(a)(2), there was no affirmative showing that the guilty plea was knowing and voluntary, and hence the guilty plea was invalid. *Id.* at 926-27.

¶ 27        The State argues that "[d]efendant's analogy to Rule 402 fails because the underlying reasoning is distinguishable." The State notes that, while it is true a consecutive sentence cannot be imposed on a guilty plea unless the defendant was admonished beforehand that a consecutive sentence could be imposed (*People v. Wills*, 251 Ill. App. 3d 640, 643 (1993)), "[d]efendant cites no similar rule barring consecutive sentencing where a defendant is not admonished prior to a waiver of counsel that consecutive sentences might be imposed."

¶ 28        In this case, though, the question is not whether consecutive sentencing is barred; defendant does not appear to dispute that, ultimately–with the observance of required procedures–the trial court may impose upon him a consecutive prison term for aggravated fleeing. And the question is not whether a waiver of counsel is in every way comparable to a guilty plea. Instead, the question is whether the trial court really informed defendant of the maximum penalty he faced, given that the court did not inform him that one of his sentences would be consecutive. On that particular question, *Akers* is directly on point, and it answers no.

¶ 29        With that answer from *Akers*, we turn again to our decision in *Koch*. We said, emphatically, in *Koch*: "[W]hen *** a defendant is given a sentence in excess of the

maximum he was informed of at the time he waived counsel, we hold that the defendant's waiver of counsel can *never* be valid." (Emphasis in original.) *Koch*, 232 Ill. App. 3d at 928. In the present case, because of the trial court's failure to mention the consecutive running of a sentence, defendant was not informed of the full extent of the penalty he faced. See *Akers*, 137 Ill. App. 3d at 926. Thus, with the consecutive running of the sentence for aggravated fleeing, he was given a sentence in excess of the maximum of which he was informed at the time he waived counsel. It follows that, under *Koch*, his waiver of counsel is invalid. See *Koch*, 232 Ill. App. 3d at 927-28.

¶ 30                      B. The State's Observation That a Trial Court
                Can Substantially Comply With Rule 402(a) Without Mentioning
                            the Consecutive Running of Prison Terms

¶ 31    As we said, the State disputes the relevance of *Akers*, given that it applied Rule 402(a)(2) instead of Rule 401(a)(2), but we regard that distinction as unimportant, considering the principle that defendant derives from *Akers*, *i.e.*, that an admonition which is silent about the consecutive running of sentences fails to adequately inform the defendant of the maximum penalty he or she faces.

¶ 32    That distinction aside, the State argues further that a trial court can substantially comply with Rule 402(a)–and therefore with Rule 401(a)–without mentioning the consecutive running of sentences. The State cites *Baker* as an example.

¶ 33    In *Baker*, 133 Ill. App. 3d at 621, the defendant offered to plead guilty but mentally ill to home invasion, indecent liberties with a child, and attempted deviate sexual assault. While admonishing him in the guilty-plea hearing, the trial court said nothing about consecutive sentences, but the court told him it was possible he " 'could be sentenced to *** a term in the penitentiary for as long as thirty years.' " *Id.* at 622. The actual sentence turned out to be six years' imprisonment for home invasion, four years' imprisonment for indecent liberties with a child, and four years' imprisonment for attempted deviate sexual assault. *Id.* at 621. The 4-year prison terms were concurrent with each other but consecutive to the 6-year prison term; thus, the aggregate punishment was 10 years' imprisonment. *Id.*

¶ 34    On appeal, the defendant contended that his guilty pleas were invalid because the trial court had failed to admonish him that some of the sentences could be consecutive, as Rule 402(a)(2) required. *Id.* The Fifth District responded:

     "Our supreme court has consistently held that Rule 402 requires only substantial, not literal, compliance with its provisions, and that every deviation from the stated requirements of the rule does not necessitate reversal. [Citation.] Substantial compliance with Rule 402 means such compliance as will assure that the beneficial effect of the rule will be achieved. [Citation.] In this case, while defendant was not told that he could receive consecutive sentences, he was informed that he could receive a sentence of up to 30 years in prison. Given that his actual aggregate sentence was much less than 30 years, we are unable to say that the court's omission operated to the prejudice of the defendant, or that Rule 402 was not substantially complied with." *Id.* at 622.

So, in *Baker*, despite the trial court's failure to mention the consecutive running of sentences, the court did not understate the maximum penalty, because the court told the defendant he could go to prison for as long as 30 years and, actually, the aggregate sentence, with the consecutive running of sentences, turned out to be only 10 years' imprisonment.

¶ 35    In order for *Baker* to be apposite, the trial court in the present case would have had to admonish defendant that he could be imprisoned for 33 years or longer. The court never told him that. Consequently, *Baker* does not support the proposition that, despite the court's failure to mention the consecutive running of a sentence, the court substantially complied with Rule 401(a).

¶ 36    C. The State's Argument That a Trial Court Can Substantially Comply
With Rule 401(a) Despite Substantial Omissions in the Admonitions
That It Gives to the Defendant

¶ 37    The State insists that "[s]ubstantial compliance may exist even when the trial court omits entire portions of the required admonitions." For example, the State cites *Phillips*, in which "the trial court did not discuss two of the Rule 401(a) admonishments," and *Eastland*, in which "the trial court failed to advise the defendant of his eligibility to receive consecutive sentences." We will discuss *Phillips* first and then *Eastland*.

¶ 38    1. *Phillips*

¶ 39    In *Phillips*, 392 Ill. App. 3d at 263, the defendant told the trial court, on June 9, 2006, that he wanted the appointed defense counsel to be dismissed so that he could represent himself. The court admonished the defendant, but the admonitions at that time were incomplete: the court neglected to tell him (1) the nature of the charge, aggravated burglary, and (2) that he had a right to an attorney and, specifically, an appointed attorney if he were indigent. *Id.* at 262-63.

¶ 40    Nevertheless, the trial court gave the defendant all the Rule 401(a)(2) admonitions approximately eight months earlier, on September 29, 2005, when he was thinking of representing himself but, at that time, decided against doing so. *Id.* at 254. Also, approximately a month later, on July 18, 2005, immediately before the trial, the court fully admonished him in conjunction with an offer to reappoint the public defender. *Id.* at 256. On that latter occasion, after receiving the full admonitions, the defendant reaffirmed the decision he made on June 9, 2006, to represent himself. *Id.* at 256-57.

¶ 41    In order for the present case to be truly comparable to *Phillips*, the trial court would have had to, first, fully admonish defendant in a hearing previous to the hearing in which he waived counsel and, second, fully admonish him again, and offer to reappoint the public defender, immediately before the commencement of the sentencing hearing. The court did not do those things.

¶ 42    We do not reach the question of whether we agree with *Phillips. Cf. People v. Stoops*, 313 Ill. App. 3d 269, 275 (2000) (in which the Fourth District said: "[The defendant] cannot be expected to rely on admonitions given several months earlier, at a point when he was not

requesting to waive counsel"); *Koch*, 232 Ill. App. 3d at 927 (in which the Fourth District rejected the argument that an admonition given in a later hearing, after the waiver of counsel, "was sufficient to overcome the incorrect admonishment during the waiver of counsel proceedings").

¶ 43                                    2. *Eastland*

¶ 44        In *Eastland*, 257 Ill. App. 3d at 398-99, the defendant represented himself in his first trial, which ended in a mistrial, as well as in his second trial, which ended in his conviction (*id.* at 395). In the second trial, the trial court failed to fully comply with Rule 401(a)(2), omitting to admonish him that he could receive consecutive sentences. *Id.* at 399.

¶ 45        Nevertheless, for several reasons, the First District found no reversible error. *Id.* One of the reasons was that the defendant had "exhibited a high degree of legal sophistication." *Id.* Another reason was that he had received the technical assistance of standby counsel in his second trial. *Id.* at 400. According to the First District, a defendant who, while electing to represent himself, had chosen to have standby counsel "should not be heard to complain on appeal of improprieties pertaining to admonishments about proceeding *pro se*." *Id.*

¶ 46        In the present case, defendant had neither a high degree of legal sophistication nor standby counsel. Hence, *Eastland* is distinguishable.

¶ 47            D. The State's Argument That the Maximum 3-Year Prison Term
                  for Aggravated Fleeing Pales in Comparison to the Maximum
                30-Year Prison Term for Aggravated Driving Under the Influence

¶ 48        Citing *Haynes*, 174 Ill. 2d at 243, the State argues that "information about the possibility of a consecutive three-year sentence would have paled in comparison to the severity of the 30-year maximum penalty for aggravated DUI."

¶ 49        *Haynes*, however, is distinguishable because, in that case, the trial court told the defendant the maximum penalty. The maximum penalty for first degree murder was death, and the court so admonished him. See *id.* The defendant was charged with three counts of murder and one count of burglary. *Id.* at 211. The court told him he could receive a sentence of death for murder (*id.* at 243), but the court did not tell him the minimum and maximum sentences for burglary (*id.* at 242). The supreme court nevertheless found substantial compliance with Rule 401(a). *Id.* at 243. Quoting its decision in *Coleman*, 129 Ill. 2d at 333-34, the supreme court said: " 'Where a defendant knows the nature of the charges against him and understands that as a result of those charges he may receive the death penalty, his knowledge and understanding that he may be eligible to receive a lesser sentence pales in comparison.' " *Haynes*, 174 Ill. 2d at 243.

¶ 50        A 30-year maximum prison term for aggravated driving under the influence really is not comparable to a sentence of death. There can be a greater penalty than 30 years' imprisonment, such as when it is followed by a consecutive sentence, but there is no greater penalty than death. By telling a defendant he or she could be sentenced to death, a trial court is in no danger of understating the maximum penalty. On the other hand, if the court tells the

defendant he or she could be sentenced to a maximum of 30 years' imprisonment on one charge together with shorter maximum terms of imprisonment on other charges, without adding that the sentence on one of the lesser charges would be consecutive, the court understates the maximum aggregate penalty, or at least fails to make it clear and explicit. Therefore, *Haynes* is distinguishable.

¶ 51                    E. The State's Argument That Defendant Suffered
                    No Prejudice From the Incomplete Admonitions

¶ 52    The State argues that, considering the reason defendant gave the trial court for wanting to represent himself, *i.e.*, the appointed defense counsel's inexperience, it is implausible that he would have chosen to retain defense counsel had the trial court admonished him that his sentence for aggravated fleeing would be consecutive. The State observes that neither in his appellate brief nor anywhere else does defendant claim his decision would have been different. In this vein, the State quotes *Johnson*, 119 Ill. 2d at 134 ("he does not assert his decision to waive counsel would have been different"), and *Phillips*, 392 Ill. App. 3d at 263 ("[The] [d]efendant does not claim that he would have acted any differently [if he had been admonished fully].").

¶ 53    *Phillips* relied on *Johnson* (*id.* (citing *Johnson*, 119 Ill. 2d at 134)), which was a capital case. Sentenced to death (*Johnson*, 119 Ill. 2d at 123), the defendant in *Johnson* argued, on appeal, that his waiver of counsel was invalid because the trial court had failed to tell him the *minimum* punishment he faced, as Rule 401(a)(2) required (*id.* at 131-32). The court never admonished him that, because of a previous murder conviction, he faced a mandatory minimum sentence of life imprisonment upon conviction of any of the charged offenses. *Id.* at 132.

¶ 54    The supreme court found no prejudice from this omission. The supreme court said:

> "[I]t is clear that defendant suffered no prejudice as a result of the trial court's failure to specify the minimum penalty to which he would be subjected in the event of his conviction. Defendant was fully apprised that he could receive the death penalty, and that was, in fact, the punishment imposed. We note in this connection that he does not assert his decision to waive counsel would have been different had he been specifically admonished regarding the possibility of a sentence to life imprisonment and our review of the record, including his alleged reasons for choosing to represent himself, indicates that he could make no such claim." *Id.* at 134.

The final sentence in the quoted paragraph seems to suggest that omitting an admonition required by Rule 401(a) is reversible error only if the defendant establishes prejudice by plausibly claiming he or she would have decided against self-representation if the trial court had given the omitted admonition.

¶ 55    It strikes us as unlikely, though, that the supreme court would ever consider an unknowing, or inadequately informed, waiver of counsel to be harmless error. For one thing, because of the way a defendant would have to go about raising a claim of prejudice, Rule 401(a) would be rendered superfluous. Here is why. That the defendant would in fact have chosen continued representation but for the omission of the admonition would be evidence,

a factual representation, and appellate counsel cannot adduce new evidence in their briefs; they cannot be witnesses (Ill. R. Prof. Conduct (2010) R. 3.7 (eff. Jan. 1, 2010)). Rather, any factual representation in their briefs must be accompanied by a citation to the page of the record where that fact may be found. Ill. S. Ct. R. 341(h)(6), (7) (eff. Feb. 6, 2013). Consequently, in the State's approach to prejudice, the *pro se* defendant would have had to testify, in the trial court, that, but for the omission of the admonition, he or she would have decided against self-representation. But the *pro se* defendant would not even know that the admonition was required in the first place unless he or she were familiar with Rule 401(a); and requiring a *pro se* defendant to be familiar with Rule 401(a) would conflict with the very purpose of that rule, which is to proactively impart to the defendant the requisite knowledge for a valid waiver of counsel.

¶ 56    After *Johnson*, the supreme court has found a lack of prejudice only if the record affirmatively shows that this purpose of Rule 401(a) has been fulfilled. In *Haynes*, the supreme court said that, in order for there to be "substantial compliance" with Rule 401(a), the record had to show not only a lack of prejudice to the defendant but also a knowing and voluntary waiver of counsel. "Strict, technical compliance with Rule 401(a) *** is not always required. Rather, substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, *and* the admonishment the defendant received did not prejudice his rights" (emphasis added) (*Haynes*, 174 Ill. 2d at 236)–not "or," but "and." In other words, on direct appeal, the burden is not on the defendant to show a lack of prejudice in order to reach the question of whether the record affirmatively shows a knowing and voluntary waiver of counsel (see Ill. S. Ct. R. 401(b) (eff. July 1, 1984)). We have "decline[d] to presume *** that [the] defendant would have waived his right to counsel even if he had been correctly informed of the possible sentence he was later given." *Koch*, 232 Ill. App. 3d at 927. If the defendant has suffered no prejudice, it is only because the record shows the defendant's waiver of counsel was knowing and voluntary, that is, the goal of Rule 401(a) has been achieved. *Cf. Baker*, 133 Ill. App. 3d at 622 ("Substantial compliance with Rule 402 means such compliance as will assure that the beneficial effect of the rule will be achieved.").

¶ 57    On the strength of the comment from *Johnson*, the State would erect a checkpoint in front of the issue of whether the waiver of counsel was knowing, such that we would not even reach that issue until defendant first proved, or at least plausibly claimed, that, but for the omission of the admonition, he would have chosen differently, that he would have retained defense counsel instead of choosing to represent himself. The fallacy, though, of "chosen differently" is that, effectively, the choice of self-representation was not even made unless the record affirmatively shows the choice was knowing or adequately informed. See *People v. Campbell*, 224 Ill. 2d 80, 84 (2006) ("[S]ubstantial compliance with Rule 401(a) is required for an effective waiver of counsel."); *People v. Gilkey*, 263 Ill. App. 3d 706, 710-11 (1994) ("[I]n order for a waiver of counsel to be valid there must be compliance with the guidelines set forth in Supreme Court Rule 401(a) ***.").

¶ 58                          III. CONCLUSION

¶ 59       For the foregoing reasons, we reverse the sentences and remand this case with directions to hold a new sentencing hearing, in which defendant will be represented by counsel or, alternatively, unrepresented by counsel if he waives counsel after complete admonitions pursuant to Rule 401(a).

¶ 60       Reversed and remanded with directions.