THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD L. KOCH, JR., Defendant-Appellant.

Fourth District   No. 4—91—0773

Opinion filed July 30, 1992.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

John Turner, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In June 1991, defendant, Richard L. Koch, Jr., pleaded guilty *pro se* to deceptive practices involving three checks used to obtain property having an aggregate value exceeding $150, a Class 4 felony. (Ill. Rev. Stat. 1989, ch. 38, pars. 17–1(B)(d), (B)(e).) The trial court sentenced him to five years in prison and ordered him to pay restitution. Defendant appeals, including among his arguments the claim that the trial court failed to correctly admonish him in accordance with Supreme Court Rule 401 (134 Ill. 2d R. 401). Because we agree with defendant's argument and reverse and remand for further proceedings, we need not address the other arguments defendant raises.

## I. FACTS

On June 5, 1991, defendant was arrested in Florida and held as a fugitive. On June 19, 1991, he was returned to Illinois to stand trial on the present charge. On June 21, 1991, at his initial appearance in court, defendant stated he wished to waive counsel and plead guilty. The trial court refused to accept defendant's guilty plea, held the case over for four days so that defendant could consult an attorney, and appointed a public defender to represent him. The defendant disclosed at the June 21 hearing that he had previously been convicted of felony deceptive practices, and the prosecutor then stated that he viewed defendant as a candidate for an extended-term prison sentence.

On June 25, 1991, defendant told the trial court again that he wanted to waive counsel and plead guilty. The court then explained to him (1) the nature of the charge, (2) that he had a right to counsel and that one would be appointed for him if he could not afford counsel, and (3) that the minimum and maximum sentences the court could

impose were "not less than *one* nor more than *three* years." (Emphasis added.)

The following colloquy then transpired:

"THE COURT: Do you understand the nature of the offense, in other words, a felony offense, criminal offense, as I have indicated, with the potential penalties?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions about anything that I have said to you up to this point?

THE DEFENDANT: No.

THE COURT: And you still want to proceed without an attorney?

THE DEFENDANT: Yes.

THE COURT: And what is your age?

THE DEFENDANT: Twenty-two.

THE COURT: With regards to his waiver of counsel, the Court will find that he's been advised of his right to an attorney, the nature of the services to be provided by the attorney, potential penalties that can be imposed, that today he freely and voluntarily and it appears to the Court intelligently and without any threats or promises having been made to him, giving up his right to counsel and representation by an attorney and proceeding in his own person.

With regards to the charge itself, being deceptive practices, a Class Four Felony, and taking your plea, in the next couple of minutes I'm going to ask you some questions with regards to that. You have have [*sic*] heard me say earlier at anytime in the next couple of minutes you're free to change your mind entirely, in which case a plea of not guilty will be reinstated for you. Do you understand that?

THE DEFENDANT: Yes."

After the trial court accepted defendant's waiver of counsel, it immediately proceeded to admonish defendant regarding his offer to plead guilty. In doing so, the court explained again to defendant (1) the nature of the charge, (2) that by pleading guilty he waived his right to a jury trial, and (3) that he had a right to plead not guilty. At that point in the proceedings, the court for the first time also admonished defendant that he could be a candidate for an extended-term sentence of "not less than *three* nor more than *six* years." (Emphasis added.) Defendant stated again his wish to plead guilty, and the court ultimately accepted that plea.

At a July 1991 sentencing hearing, the court sentenced defendant to an extended-term sentence of five years in prison. Later that month, defendant filed a *pro se* motion to withdraw the guilty plea and vacate the sentence. The court appointed counsel to represent defendant on that motion, and in October 1991, counsel filed a supplemental motion to withdraw the plea of guilty. That motion alleged in part that the court erred in failing to inform defendant of the possibility of an extended-term sentence before he waived his right to counsel. The court denied the motion and this appeal followed.

## II. ANALYSIS

Defendant argues that his waiver of counsel was invalid because the trial court did not admonish him—*before* accepting his waiver of counsel—that he could receive an extended term of three to six years in prison. We agree.

Illinois Supreme Court Rule 401(a) provides a court may not accept a defendant's waiver of his right to counsel until the court has first informed him of, and determined that he understands, the following:

"(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

In the present case, the trial court informed defendant when accepting his waiver of counsel that he could be sentenced to a term of imprisonment of not less than one nor more than three years, the minimum and maximum sentence prescribed by law for a Class 4 felony nonextended-term sentence. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(7).) However, because defendant had a previous conviction for felony deceptive practices within the 10 years prior to the felony deceptive practices charge in the present case, he was eligible for an extended-term sentence of three to six years in prison. (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(b)(1), 1005—8—2(a)(6).) Accordingly, the trial court should have informed defendant under Supreme Court Rule 401(a) that the minimum and maximum sentence it could impose upon him was not less than one year and not more than *six* years, explaining further that the court had the authority to impose an extended-term sentence, but was not required to do so.

In *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1111, 416 N.E.2d 688, 692, this court held that strict compliance with Supreme Court Rule 401(a) is required. We later adopted a narrow exception to the strict compliance requirement in a case in which the defendant possessed a high level of legal sophistication. See *People v. Houston* (1988), 174 Ill. App. 3d 584, 589, 529 N.E.2d 292, 295-96 (defendant was employed as a paralegal and the record established that he exhibited legal sophistication and knowledge).

Under very limited circumstances, the Illinois Supreme Court has held "substantial compliance" with Rule 401(a) sufficient to effectuate a valid waiver of counsel. In both *People v. Coleman* (1989), 129 Ill. 2d 321, 334, 544 N.E.2d 330, 336, and *People v. Johnson* (1987), 119 Ill. 2d 119, 132, 518 N.E.2d 100, 106, the trial court correctly admonished the defendant regarding the maximum sentence (the death penalty) and later imposed it. In those cases, however, the trial court either failed to admonish the defendant regarding the *minimum* sentence (*Johnson*, 119 Ill. 2d at 134, 518 N.E.2d at 107) or incorrectly admonished him regarding the *minimum* sentence (*Coleman*, 129 Ill. 2d at 340, 544 N.E.2d at 339). Nonetheless, the supreme court held that the trial court in each case had substantially complied with Rule 401(a). *Coleman*, 129 Ill. 2d at 340, 544 N.E.2d at 339; *Johnson*, 119 Ill. 2d at 134, 518 N.E.2d at 107.

Both *Coleman* and *Johnson* are inapposite. Here, the trial court, as part of its Rule 401(a) admonitions, informed defendant that the maximum sentence he could receive was *three* years in prison and then sentenced him to *five* years in prison. Further, the record before us does not reveal that defendant had the unusual and demonstrable legal sophistication of the defendant in *Houston*.

■ The State argues that the trial court's subsequent explanation to defendant of the extended-term sentencing range given when it admonished him under Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) before accepting his offer to plead guilty was sufficient to overcome the incorrect admonishment during the waiver of counsel proceedings. We disagree. *At the time* defendant waived his right to counsel, he had not been informed that he could receive a sentence as severe as that which the court later imposed. We decline to presume—as we must to give credence to the State's argument—that defendant would have waived his right to counsel even if he had been correctly informed of the possible sentence he was later given. Instead, the trial court's admonitions under Rule 401(a) regarding the maximum sentence which could be imposed upon a defendant must be accurate *before* the court accepts a defendant's waiver of counsel. Accordingly,

when (as here) a defendant is given a sentence in excess of the maximum he was informed of at the time he waived counsel, we hold that the defendant's waiver of counsel can *never* be valid. Further, no action subsequently taken by the court, such as correct sentence admonitions given by the court to a defendant during a subsequent guilty plea, can correct the invalidity of that waiver; instead, the court must give the correct sentence admonitions anew and *then* permit defendant to decide whether he still wishes to waive counsel. The constitutional right to counsel is too important a right to permit any other ruling.

For the reasons stated, we reverse and remand for further proceedings.

Reversed and remanded.

GREEN, P.J., and COOK, J., concur.