NOTICE

Decision filed 02/21/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160513-U

NO. 5-16-0513

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 14-CF-1183 |
| | ) | |
| OTIS HARRIS, | ) | Honorable |
| | ) | Richard L. Tognarelli, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the trial court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) prior to accepting the defendant's waiver of counsel, we vacate the defendant's convictions and sentences and remand for a new trial.

¶ 2    This is a direct appeal from the circuit court of Madison County. The defendant, Otis Harris, was convicted of one count of home invasion with a firearm, two counts of armed robbery with a firearm, and one count of possession of a stolen vehicle. On October 24, 2016, he was sentenced to a total of 50 years' imprisonment to be followed by 3 years of mandatory supervised release (MSR). In his sole point on appeal, the defendant argues that the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) prior to accepting his waiver of counsel and allowing him to proceed *pro se*, in that the court failed to inform him that it could impose consecutive sentences, failed to remind him about his right to counsel, and failed to advise him

1

regarding his charge for possession of a stolen vehicle. For the reasons that follow, we vacate the defendant's convictions and sentences and remand this case with directions that the trial court hold a new trial in which the defendant will be represented by counsel, or, alternatively, represented by himself if he waives counsel after complete admonishments pursuant to Rule 401(a).

¶ 3                                    I. BACKGROUND

¶ 4     On June 2, 2014, the defendant was charged by information with one count of "offenses relating to motor vehicles," *i.e.*, possession of a stolen vehicle. On June 4, 2014, the defendant made his initial appearance, and a public defender was appointed to represent him. On June 19, 2014, the defendant was charged by superseding indictment with one count of home invasion, four counts of armed robbery, two counts of aggravated criminal sexual abuse, and one count of possession of a stolen or converted vehicle, all arising from a home invasion at Kolyn Kerr and Kinley Brady's residence. An arraignment was held on that date, during which the defendant's appointed counsel acknowledged receipt of the indictment and waived a formal reading of the charges. Thereafter, the defendant's counsel withdrew due to a conflict, and a new public defender was appointed to represent the defendant.

¶ 5     At a May 4, 2016, hearing, the defendant appeared with his appointed counsel. The trial court asked the defendant, "You understand that you're charged here with one count of home invasion, four counts of armed robbery, two counts of aggravated criminal sexual abuse, and one count of offenses relating to motor vehicles, some of which you could be sentenced anywhere from 21 to 45 years? Do you understand, sir?" The defendant answered that he understood; he then informed the court that he wanted to represent himself. The court instructed the defendant to file a written request and stated that the issue would be addressed at a later date. The court warned the defendant:

2

"You might want to consider [proceeding *pro se*] very carefully. All right. You're going against some experienced people who understand the law and evidence and you don't get any breaks if you represent yourself. If you represent yourself, it's like you had the same training as [the defendant's appointed counsel]."

¶ 6    In a letter filed with the trial court on May 9, 2016, the defendant again told the court that he wished to proceed *pro se*. At a hearing on June 6, 2016, the defendant confirmed to the court that he wished for his attorney to withdraw so that he could "go *pro se* and represent [himself] to the best of [his] ability." Upon inquiry from the court, the defendant said he was 24 years old, had some schooling but did not obtain his high school diploma or general education diploma (GED), and had never represented himself in court before.

¶ 7    The trial court then informed the defendant of his charges in three of the cases he had pending at that time. As for the charges relevant to the present appeal, the court stated:

"On 14-CF-1183 you have one count of home invasion, which is also a Class X, eligible for an extended term of up to 45 years. One, two, three, four counts of armed robbery, also Class X felonies, also eligible for extended terms. You have one—two counts of aggravated criminal sexual abuse, Class 2 felonies, you're looking on those 3 to 7 years minimum. *** You face substantial time if you get convicted on any of these, just one of these. You have numerous charges; do you understand [the charges]?"

The defendant indicated that he understood the charges against him. During the foregoing admonishment, the court failed to inform the defendant of his charge of possession of a stolen vehicle. The court cautioned the defendant about the difficulties of representing himself and explained that he would be held to the same legal standard as the prosecution or any other lawyer. The court stated that "on some of these charges you're looking at 45 years just if we convict you on one." The court continued, "I just want to let you know that you can spend the rest of your life in prison if you mess up your defense ***. If you were not found not guilty you could be spending the rest of your life in the Department of Corrections." The defendant confirmed that he understood the potential sentences and that he still wished to represent himself. During the

3

foregoing discussion, the court did not explicitly explain to the defendant that he could be facing consecutive sentences on each of his charges, and the court did not reiterate that the defendant had a right to counsel. The court then accepted the defendant's waiver of counsel, discharged the defendant's attorney, and allowed him to represent himself.

¶ 8       At a subsequent hearing on July 22, 2016, the following exchange occurred between the defendant and the trial court:

> "THE COURT: All right. You've got one, two, three, four, five Class X's, eligible for an extended term of 21 to 45 years. There is a possibility that these terms could be served consecutively. Do you know what that means?
> [THE DEFENDANT]: Yes, sir.
> THE COURT: Can you tell me what your understanding is?
> [THE DEFENDANT]: That means I would have to serve each one separately. I would have to do the time for the first one, do the time for second one, so on and so on.
> THE COURT: So you could be in prison for the rest of your life; do you understand that?
> [THE DEFENDANT]: Yes, sir."

¶ 9       Before the defendant's jury trial began, the State dismissed four counts and proceeded to trial on one count of home invasion, two counts of armed robbery, and one count of possession of a stolen vehicle. The defendant's jury trial was held on August 16-17, 2016, during which the State presented evidence that in May 2014, the defendant and his friend entered the victims' residence while armed with firearms and stole their phones, Xbox, vehicle, and keys. The jury found the defendant guilty on all four counts.

¶ 10       On October 24, 2016, the defendant was sentenced to 25 years' imprisonment as to home invasion with a firearm, 10 years' imprisonment each for the two counts of armed robbery, and 5 years' imprisonment on possession of a stolen vehicle. The trial court ordered all of the sentences to run consecutively, and thus, the defendant was sentenced to a total of 50 years' imprisonment, to be followed by 3 years of MSR.

¶ 11       The defendant timely filed his notice of appeal.

4

¶ 12                               II. ANALYSIS

¶ 13    In his sole point on appeal, the defendant argues that the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) prior to accepting his waiver of counsel and allowing him to proceed *pro se*, in that it failed to inform him that it could impose consecutive sentences, failed to remind him about his right to counsel, and failed to advise him regarding his charge for possession of a stolen vehicle.

¶ 14    Initially, we note that although the defendant failed to raise his objection to the trial court's admonishments at trial or in a posttrial motion (see *People v. Johnson*, 238 Ill. 2d 478, 484 (2010) (a defendant forfeits ordinary appellate review of an error that he did not object to at trial and include in a posttrial motion)), Illinois courts have determined that the failure to issue the admonishments related to waiving counsel constitutes plain error. See *People v. Brzowski*, 2015 IL App (3d) 120376, ¶ 42 (right to counsel is fundamental and failure to admonish amounts to plain error); *People v. Black*, 2011 IL App (5th) 080089, ¶ 24 (noting cases where failure to admonish was found to be plain error).

¶ 15    The United States Constitution guarantees a defendant the right to the assistance of counsel and the right to proceed without counsel. U.S. Const., amend. VI; *People v. Wright*, 2017 IL 119561, ¶ 39. "The right of self-representation is 'as basic and fundamental as [the] right to be represented by counsel.' " *People v. Haynes*, 174 Ill. 2d 204, 235 (1996) (quoting *People v. Nelson*, 47 Ill. 2d 570, 574 (1971)). A defendant may waive his constitutional right to counsel if the waiver is voluntary, knowing, and intelligent. *Haynes*, 174 Ill. 2d at 235.

¶ 16    Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) lists the admonishments that the trial court must give a defendant before he waives counsel:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by

addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

¶ 17    The trial court must comply with Rule 401(a) for an effective waiver of counsel, but strict technical compliance is not always required. *Wright*, 2017 IL 119561, ¶ 41. Substantial compliance is sufficient if the record indicates that the waiver was made voluntarily and knowingly, and the admonishment did not prejudice defendant's rights. *Id.* We determine whether a defendant knowingly waived his right to counsel based on the specific facts and circumstances of the case, considering the conduct, background, and experience of defendant. *People v. Maxey*, 2018 IL App (1st) 130698-B, ¶ 38; see also *Wright*, 2017 IL 119561, ¶ 54.

¶ 18    We will now summarize the relevant information that the defendant was given prior to waiving his right to counsel. The defendant first informed the trial court that he wished to represent himself at the May 4, 2016, hearing. Prior to this statement, the court informed the defendant of the charges against him and stated that he could be sentenced anywhere from 21 to 45 years in prison on some of his charges. After instructing the defendant to file a written request to proceed *pro se*, the court warned the defendant about the dangers of representing himself.

¶ 19    The defendant filed his written request to proceed *pro se* on May 9, 2016. On June 6, a hearing was held on the request, during which the trial court informed the defendant in relevant part:

"On 14-CF-1183 you have one count of home invasion, which is also a Class X, eligible for an extended term of up to 45 years. One, two, three, four counts of armed robbery, also Class X felonies, also eligible for extended terms. You have one—two counts of aggravated criminal sexual abuse, Class 2 felonies, you're looking on those 3 to 7 years

6

minimum.  *** You face substantial time if you get convicted on any of these, just one of these.  You have numerous charges; do you understand that charge?"

The preceding passage reveals that the court failed to inform the defendant about the nature and possible penalties of his possession of a stolen vehicle charge.

¶ 20    The trial court again told the defendant that he was facing up to 45 years in prison on some of the charges against him.  Although the court cautioned him against representing himself and warned that he could "spend the rest of [his] life in prison," the court did not explicitly reiterate that he had a right to counsel or explain that he could be subject to consecutive sentences.  At the conclusion of the hearing, the court accepted the defendant's waiver of counsel, discharged the defendant's attorney, and allowed him to represent himself.

¶ 21    Based on our review of the record, we find that the trial court did not strictly comply with any of the provisions of Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) as the defendant was not admonished (1) about his charge for possession of a stolen vehicle, (2) that he could be facing consecutive sentences, and (3) that he had a right to counsel.  Therefore, we must now address the State's argument that the court's admonishments substantially complied with Rule 401(a).  In support of its position, the State contends that the court substantially complied with Rule 401(a)(1) because the defendant was informed of his charge for possession of a stolen vehicle at an earlier hearing.  The State further asserts the court substantially complied with Rule 401(a)(2) as the court told the defendant that he could be sentenced to 45 years' imprisonment if he was convicted on just one of his charges, told the defendant that he could spend the rest of his life in prison, and informed the defendant of the possibility of consecutive sentences after he waived his right to counsel.  Finally, the State maintains that the court substantially complied with Rule 401(a)(3) in that the defendant was aware that he had a right to counsel because he previously availed himself of that right.

7

¶ 22　We first discuss the State's argument that although the trial court did not admonish the defendant with respect to his charge for possession of a stolen vehicle, the court substantially complied with Rule 401(a)(1) because the defendant was informed of this charge at an earlier hearing. We acknowledge that the defendant was informed of this charge at hearings that took place before he waived his right to counsel, including the May 4, 2016, hearing. However, this admonishment was provided over a month before the defendant waived his right to counsel, at a time when he was still represented by appointed counsel. The admonishments required by Rule 401(a) must be provided at the time defendant decides to waive his right to counsel so that defendant can consider the consequences of his decision. See *People v. Langley*, 226 Ill. App. 3d 742, 749-50 (1992) (similarly finding admonishments made months before defendant waived his right to counsel did not substantially comply with Rule 401(a)); see also *People v. Koch*, 232 Ill. App. 3d 923, 927-28 (1992) (the relevant admonishments for purposes of Rule 401(a) are those given "[*a*]*t the time* defendant waived his right to counsel" (emphasis in original)).

¶ 23　We now turn to the State's argument that although the trial court failed to admonish the defendant that he could be subject to consecutive sentencing, the court substantially complied with Rule 401(a)(2). The defendant's situation is analogous to that of defendant in *People v. Bahrs*, where the trial court allowed defendant to represent himself during sentencing but did not first admonish him that one of his sentences would run consecutively to the others. 2013 IL App (4th) 110903, ¶¶ 5-6. As a result, defendant received a sentence in excess of the maximum of which he was informed at the time he waived counsel. *Id*. ¶ 14. Finding the court's omission "was a failure to explicitly inform [defendant] of the true maximum penalty he faced," the appellate court reversed his sentences and remanded the matter to the trial court for a new sentencing hearing with either the appointment of counsel or proper admonishments. *Id*. ¶¶ 14, 59.

¶ 24 Similarly, here, we find the defendant was never informed of the "true maximum penalty he faced" based on the possibility of consecutive sentences prior to waiving his right to counsel. As a result, the defendant was sentenced to a longer term than the maximum he was informed of when he waived counsel, rendering his waiver invalid. See *Koch*, 232 Ill. App. 3d at 928 (finding a waiver of counsel can never be valid under such circumstances). Although a limited exception exists when a "defendant has such a high degree of legal expertise that one may confidently assume he *** already knows the maximum penalty" (*Bahrs*, 2013 IL App (4th) 110903, ¶ 15), it is undisputed that the defendant in this case does not have such a level of legal expertise.

¶ 25 Nevertheless, the State contends that the trial court substantially complied with Rule 401(a)(2) by telling the defendant that, "on some of these charges you're looking at 45 years just if we convict you on one"; "you can spend the rest of your life in prison if you mess up your defense"; and "[i]f you were not found not guilty you could be spending the rest of your life in the Department of Corrections." These ambiguous statements were not made in the context of admonishments relating to the maximum penalties the defendant was facing but instead were a part of the court's warnings to the defendant about the perils of representing himself at trial. Therefore, we find that they were not sufficient to cure the court's understatement of the maximum penalty that the defendant was facing under the specific circumstances of this case. See *Wright*, 2017 IL 119561, ¶ 54 (each case must be decided based on its own particular facts and circumstances); *Maxey*, 2018 IL App (1st) 130698-B, ¶ 38 (same). As the *Bahrs* court declared, in order to satisfy Rule 401(a), the admonishments relating to the maximum penalty must be complete, and to be complete, they must inform defendant of the possibility of consecutive sentences. *Bahrs*, 2013 IL App (4th) 110903, ¶ 15.

9

¶ 26    We are also not persuaded by the State's reliance on *Haynes*, a case in which the trial court was found to have substantially complied with Rule 401(a) despite incomplete admonishments. *Haynes*, 174 Ill. 2d at 241-43.  In that case, defendant was fully aware of the range of possible sentences for the most serious charge, including the death penalty, even though the admonishments did not include the minimum and maximum sentences for less serious charges.  *Id*. at 243. However, unlike in *Haynes*, the defendant in this case received a sentence that was above the range of possible sentences for any of the charges that he was informed of prior to waiving his right to counsel.  Thus, *Haynes* is distinguishable.

¶ 27    The State additionally argues that the trial court substantially complied with Rule 401(a)(2) by informing the defendant that he was potentially facing consecutive sentences *after* he waived his right to counsel.  Our research reveals that Illinois courts have previously rejected this argument.  In *Koch*, the trial court allowed defendant to proceed *pro se* but did not first admonish him that he was eligible for extended-term sentencing.  232 Ill. App. 3d at 924-25.  Although the court subsequently corrected the omission prior to sentencing, defendant received a sentence that exceeded the maximum that he was informed of prior to waiving his right to counsel.  *Id*. at 925-26.  The appellate court found the waiver of counsel ineffective, ultimately concluding that "[w]hen *** a defendant is given a sentence in excess of the maximum he was informed of at the time he waived counsel, we hold that the defendant's waiver of counsel can *never* be valid." (Emphasis in original.)  *Id*. at 928; see also *People v. LeFlore*, 2013 IL App (2d) 100659, ¶ 56 ("[a] defendant must be admonished pursuant to Rule 401(a) *prior to* waiving the right to counsel" (emphasis in original)), *aff'd in part, rev'd in part on other grounds*, 2015 IL 116799;[1] *People v.*

---

[1]As noted above, *LeFlore* was affirmed in part and reversed in part on other grounds.  In the supreme court, the State conceded that the appellate court correctly determined that defendant had to be retried based on the lack of proper admonishments under Rule 401(a).  *LeFlore*, 2015 IL 116799, ¶ 13.

*Ogurek*, 356 Ill. App. 3d 429, 436 (2005) (same). Thus, any admonishments the court rendered after it accepted the defendant's waiver of counsel are irrelevant for purposes of this appeal.

¶ 28    Finally, the State maintains that although the trial court failed to remind the defendant of his right to counsel, it was not required to do so in order to comply with Rule 401(a)(3) because the defendant was aware of that right, as evidenced by the fact that he had received the assistance of counsel earlier in the proceedings. However, Illinois courts have declined to assume a defendant fully understood his right to counsel based on the fact that he had previously been represented by appointed counsel. See, *e.g.*, *People v. Baker*, 94 Ill. 2d 129, 134-36 (1983); *People v. Hessenauer*, 45 Ill. 2d 63, 67-68 (1970); *People v. Reed*, 160 Ill. App. 3d 606, 611-12 (1987). In response to the suggestion that the trial court was not required to give Rule 401(a) admonishments after a defendant was represented by counsel and subsequently moved to discharge counsel, the court in *Baker* declared that just because defendant discharged his counsel "does not mean that he should not be completely and fully informed as to the ramifications of acting on his own behalf without the benefit of an attorney to represent him." 94 Ill. 2d at 134-35.

¶ 29    Based on the foregoing, we find the defendant's waiver of his right to counsel was not voluntary and knowing. Accordingly, we must reverse the defendant's convictions and remand the cause for a new trial. See *LeFlore*, 2013 IL App (2d) 100659, ¶ 60; *People v. Jiles*, 364 Ill. App. 3d 320, 330 (2006). Prior to trial, the defendant should be provided with the required admonishments under Rule 401(a) and shall have the opportunity to be represented by counsel or to make a knowing, voluntary, and intelligent waiver of his right to counsel.

¶ 30    We also note, for double jeopardy purposes, that the evidence here was sufficient to support the defendant's convictions. See *People v. Taylor*, 76 Ill. 2d 289, 309 (1979) (when the appellate court reverses a conviction for trial error, appellate court must decide whether the evidence was

11

sufficient to sustain the conviction); see also *LeFlore*, 2013 IL App (2d) 100659, ¶ 61; *Jiles*, 364 Ill. App. 3d at 330-31. We emphasize, however, that our holding should not be taken as a finding as to the defendant's guilt that would be binding upon retrial. See *Taylor*, 76 Ill. 2d at 310; *LeFlore*, 2013 IL App (2d) 100659, ¶ 61.

¶ 31                                                    III. CONCLUSION

¶ 32    For the foregoing reasons, the convictions and sentences imposed by the circuit court of Madison County are hereby vacated. The cause is remanded with directions that the trial court hold a new trial in which the defendant will be represented by counsel, or, alternatively, represented by himself if he waives counsel after complete admonishments pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984).


¶ 33    Vacated and remanded with directions.