2021 IL App (2d) 180994-U
No. 2-18-0994
Order filed April 26, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-149 |
| CORY DALE ROBINSON, | ) ) | Honorable Ronald M. Jacobson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Zenoff and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court substantially complied with the admonition requirement of Rule 401(a) when, on the day of trial, it accepted defendant's waiver of counsel, discharged his private attorney, and permitted defendant to represent himself at trial. The court properly informed defendant of his right to counsel, and though the court said it would not appoint counsel for defendant on the day of trial, defendant did not ask for a continuance or claim on appeal that the trial court's refusal was erroneous. Moreover, though the court did not inform defendant that he was subject to mandatory Class X sentencing, defendant suffered no prejudice, and defendant never suggested that he would not have waived counsel had he known that Class X sentencing was mandatory.

¶ 2   Defendant, Cory Dale Robinson, was charged with aggravated criminal sexual abuse, a

Class 2 felony (720 ILCS 5/11-1.60(d), (g) (West 2016)) and battery, a Class A misdemeanor (*id.*

§ 12-3(a)(2), (b)). Before his bench trial, he discharged his retained counsel and proceeded *pro se*. The court found defendant guilty and appointed counsel for him at sentencing. After a hearing, the court sentenced defendant to 13 years in prison for aggravated criminal sexual abuse, with 3 years of mandatory supervised release (MSR) and a concurrent 364-day sentence for battery. The court denied defendant's motion to reconsider the sentences. He timely appealed.

¶ 3    On appeal, defendant contends that (1) he did not knowingly and understandingly waive his right to counsel and (2) the court erred in sentencing him for aggravated criminal sexual abuse as a Class X offender, based on his prior convictions, as he had not previously been admonished that a Class X sentence could be imposed. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    On June 30, 2017, defendant was charged by complaint with aggravated criminal sexual abuse and battery. On July 5, 2017, he appeared without counsel for arraignment. In admonishing him of the possible penalties for aggravated criminal sexual abuse, the trial court stated in part:

> "A Count 1 Class 2 felony, if you plead guilty or are found guilty allows you to be put in the penitentiary for a period of between three and seven years or up to 14 years if you have the same or greater class felony in the last ten years. If you're sent to the penitentiary you must serve a period of two years [MSR] upon getting out of the penitentiary."

The court asked defendant what he was going to do about getting an attorney. Defendant responded that he had an attorney and had paid him a retainer.

¶ 6    On July 11, 2017, Michael A. Lancaster entered his appearance as defendant's attorney. On July 13, 2017, Lancaster told the court that defendant would waive his right to a preliminary hearing. The court accepted the waiver. The prosecutor asked leave to file an information and

tendered a copy to defendant. Lancaster stated that defendant waived "the reading of it and the possible penalties." He entered a plea of not guilty. The court accepted the waiver and allowed the State to file the information, which repeated the charges in the complaint.

¶ 7    On August 14, 2017, the State filed a second amended information that contained the original counts and added two charges of unlawful failure to register as a murderer or violent offender against youth (730 ILCS 154/10(a), (b) (West 2016)) and one charge of unlawful failure to report a change of address (*id.* § 154/30). At a hearing that day, Lancaster stated that he had shown the second amended information to defendant. The court asked, "Do you waive the need for me to read each of the Counts that are in that Second Amended Information and recite the maximum punishment for the purposes of today's proceedings?" Lancaster responded, "For today's purposes, yes, Your Honor."

¶ 8    On September 21, 2017, defendant waived a jury trial. Eventually, trial was set for March 7, 2018.

¶ 9    On March 7, 2018, the court began by noting that it had been informed that defendant wished to discharge Lancaster. Lancaster stated that he understood that defendant wished to proceed *pro se* and that defendant was ready to go to trial immediately. The State moved to dismiss the three newer charges, and the court granted the motion.

¶ 10    The court turned to the counsel waiver and admonished defendant, beginning:

"THE COURT: *** Supreme Court Rule 401 requires if you're going to waive the right to an attorney that I admonish you about certain things, Mr. Robinson. I want you to listen carefully. *** Count 1 alleges that on or about June of 2017 in Lee County you allegedly committed the offense of aggravated criminal sexual abuse ***. *** If these facts

are true it's alleged to be in violation of 720 ILCS [5]/11-1.60(d), a Class 2 felony. Do you understand what I've just read?

THE DEFENDANT: Yes, sir.

THE COURT: Count 5, which is the other remaining Count, alleges that on or about June of 2017 in Lee County, you committed the offense of battery. *** If this is true *** it's alleged to be in violation of 720 ILCS 5/12-3(a)(2), a Class A misdemeanor. Do you understand what I've just said?

THE DEFENDANT: Yes, sir.

THE COURT: The Count 1 Class 2 felony, if you're convicted, allows for you to be put in the Department of Corrections [(DOC)] for a period of between three and seven years or up to 14 years if you have the same or greater class felony in the last ten years. If you're sent to the penitentiary you have to serve a period of two years [MSR] upon getting out of the penitentiary. You could be fined up to $25,000, plus any costs required by statute, under certain circumstances you may be eligible for a periodic imprisonment sentence *** of between 18 and 30 months, or probation for a period of up to four years. The caveat to that and my understanding is that if you have a Class 2 or greater felony conviction in the last ten years there is no sentence available other than to the [DOC] with a *** possible term I've indicated if you're convicted of the offense. Do you understand what I've just said?

THE DEFENDANT: Yes, sir.

THE COURT: The Count 5 Class A misdemeanor, if you plead guilty or are found guilty allows you to be put in jail other than a penitentiary for up to one year, fined an amount not to exceed $2,500, plus any costs required by statute, you could be placed on probation for a period up to two years. Do you understand what I've just said?

THE DEFENDANT: Yes, sir.

THE COURT: You understand you've got a right to an attorney and if you cannot afford one, one would be appointed to represent you; however under the circumstances if you discharge Mr. Lancaster and you indicate to the Court you want appointed counsel because you're indigent, my opinion is that does not allow for that to happen today because you should have done that well before today. Do you understand what I've just said?

THE DEFENDANT: Yes, sir."

¶ 11 Defendant reiterated that he wished to discharge Lancaster. The court told him that, if he did, he would not receive standby counsel. Defendant said that he understood. He reiterated that he was freely choosing to proceed *pro se*. Defendant did not explain why he wanted to discharge Lancaster or why he waited until the morning of the trial to do so. He did not request more time to prepare. The court allowed defendant to represent himself. The trial began promptly thereafter.

¶ 12 The court found defendant guilty of both charges. It then noted that a sexual offender evaluation was required. The court inquired whether defendant should have to pay for the evaluation; by employing Lancaster he had shown that "at least at that point he had the financial wherewithal to be able to hire counsel." Defendant responded that paying Lancaster had exhausted his resources. The court set May 7, 2018, for a sentencing hearing.

¶ 13 Defendant did not file a posttrial motion.

¶ 14 At the May 7, 2018, hearing, the court asked defendant whether he intended to continue representing himself. Defendant responded, "If I can obtain counsel I would like to." The assistant State's Attorney, Charles Boonstra, noted that defendant had had two months to hire an attorney. The court asked defendant why he had not hired private counsel. Defendant responded that he had not known that he could hire an attorney for sentencing only.

¶ 15    The court asked defendant how he had originally managed to hire Lancaster. Defendant responded that he and his wife, Denise Robinson, gave Lancaster "everything that [defendant] had along with [defendant's wife] giving him some funds as well that she had and that was the last of anything that [defendant] had." The money was still not all that Lancaster wanted. Defendant had no bank accounts, but Robinson owned their home. Robinson explained that she bought the house in 2008, after she and defendant married, and that she paid for it partly with her employment income. The court stated that as the house was bought partly with marital funds, a lien on it might finance private counsel. The court gave defendant time to speak to private attorneys if he wished.

¶ 16    On May 12, 2018, the court ordered defendant to undergo a psychosexual evaluation by April 20, 2018, and to tender financial affidavits by April 6, 2018. The court reserved ruling on whether defendant would have to reimburse the county for the cost of the evaluation.

¶ 17    On May 17, 2018, defendant told the court that he had been unable to hire an attorney, because he could not afford one. The court ordered him to file an updated financial affidavit and continued the cause. On May 31, 2018, the court appointed the public defender.

¶ 18    On October 1, 2018, the court held the sentencing hearing. In argument, Boonstra told the court that in view of defendant's prior convictions of burglary and first-degree murder, the State intended "that this would be a six to thirty year sentence based on Class X sentencing given his prior history and by law." Specifically, Boonstra urged the court to sentence defendant to 15 years for aggravated criminal sexual abuse and to merge the battery conviction.

¶ 19    Defendant's attorney argued in part:

"That I believe by operation of law based off [defendant's] criminal history he would otherwise be eligible for that—that Class X sentencing. However, [defendant] indicates that he was never advised of his eligibility for Class X sentencing so it is his belief that he

would be eligible for the three to fourteen based off his prior history and not the six to thirty."

Defendant asked that, if the court sentenced him as a Class X offender, it impose the minimum.

¶ 20    After defendant's allocution, the following colloquy took place:

"THE COURT: *** Mr. Robinson claims that he wasn't properly advised of the possibility of enhanced sentence [*sic*] and therefore should only be subject to a period between three and fourteen years ***. Are you aware of whether there's any evidence to contradict what he has said to the Court?

MR. BOONSTRA: Judge, what I would rely upon is the court records would show that he was admonished as to the offense, waiving of any possible penalties and the offense itself was done by Mr. Lancaster, and as an officer of the Court I had spoken several times with Mr. Lancaster about the range being six to thirty."

¶ 21    Defendant asked for clarification of the reference. The court stated:

"Specifically it is at—on August 14th of 2017 the docket entry reads Defendant produced by Lee County Sheriff's Department *** with the Defendant remanded. Defendant received copy of second amended information. Defendant waives reading of the charges and possible penalties. Indicates I was the Judge there. Mr. Boonstra was the [State's] [A]ttorney. Mr. Lancaster appeared with the Defendant. Then the matter was set over until September 7th of 2017 ***."

¶ 22    The court discussed the factors in aggravation and mitigation, then continued:

"I asked the parties to give me their arguments as to the sentencing range, whether it's three to fourteen or whether it's six to thirty based on comments. Everyone who sits in

my courtroom knows that when people are advised—when they're here with an attorney as [defendant] was with his attorney I ask them do you waive the need for me to read the wording of what you're charged with and recite the maximum punishment involved. Almost inevitably the answer is I have either gone over it with my client or I am going to go over it with my client. Frankly, given the sentence I'm going to impose, it doesn't matter in this case. I don't have to deal with that issue.

　　The sentence I am imposing, based on all the factors I have indicated, is thirteen years *** on Count 1. *** There's a sentence of *** 364 days *** in the Lee County Jail. However, that merges into the [count I] sentence ***."

¶ 23　Boonstra asked whether the court was "still going with the Class X sentencing," which would require three years of MSR. The court responded, "That's exactly right. [Defendant's] sentence is going to be followed by a period of three years [MSR]."

¶ 24　Defendant moved to reconsider the sentence. His written motion did not argue that the court erred in failing to provide him notice that he would be eligible for Class X sentencing. The court denied the motion. Defendant timely appealed.

¶ 25　　　　　　　　　　　II. ANALYSIS

¶ 26　On appeal, defendant contends first that his waiver of counsel was invalid because (1) the trial court failed to inquire into several matters required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) and thus did not substantially comply with the rule and (2) the court abused its discretion in finding that defendant's waiver was knowing and voluntary. He contends second that the court failed to admonish him that, if found guilty of aggravated criminal sexual abuse, he would be sentenced as a Class X offender (see Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984)). For reasons that

shall become apparent, we shall address defendant's claims of error in a somewhat different order from how he presents them. For the following reasons, we reject all of defendant's claims.

¶ 27    We turn to defendant's first contention of error, regarding waiver of counsel. Defendant acknowledges that he has forfeited his argument by failing to raise it in a posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186-88 (1988). He asks us to consider the matter as plain error. The plain error rule allows a reviewing court to consider unpreserved error when a clear or obvious error occurred and either (1) the evidence was so closely balanced that the error alone threatened to tip the scales of justice against the defendant or (2) the error was so serious that it affected the fairness of the trial and challenged the integrity of the judicial process. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). To decide whether defendant has established plain error, we must first decide whether he has established any error at all. See *People v. Lewis*, 234 Ill. 2d 32, 43 (2009). To that task we now turn.

¶ 28    Rule 401(a) reads:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July1, 1984).

¶ 29    Substantial compliance with Rule 401(a) is sufficient if the record indicates that the defendant made his waiver of counsel knowingly and voluntarily and the admonishments that he received did not prejudice his rights. *People v. Wright*, 2017 IL 119561, ¶ 41. We review *de novo* whether the court substantially complied with Rule 401(a). *People v. Bahrs*, 2013 IL App (4th) 110903, ¶ 13. Whether the trial court erred in accepting defendant's counsel waiver as knowing and valid is reviewed for abuse of discretion. *People v. Baez*, 241 Ill. 2d 44, 116 (2011).

¶ 30    Defendant's argument appears to center on section (a)(3) Rule 401. (Defendant also claims error relating to section (a)(2), but, as he raises that issue separately, we consider it separately.) Defendant acknowledges that the trial court did admonish him that he had the right to counsel and that, if he could not afford an attorney, he had the right to have the court appoint one for him. The court also told defendant that it was too late for him to be appointed counsel, but defendant does not claim that this was error. Instead, he raises three reasons why the court did not comply with the rule and, as a result, his waiver was not valid.

¶ 31    First, defendant contends that the admonishments were deficient because "at no time was defendant ever offered counsel" and at no time did he "reject the appointment of counsel." Defendant's contention is mystifying at best. Rule 401(a)(3) does not require a trial court to "offer" appointed counsel to a defendant who is represented by counsel whom he wishes to discharge. Insofar as any "offer" was required by the rule, the court made it by admonishing defendant that he had the right to counsel and that, were he indigent, counsel would be appointed for him. Although the court added that the morning of trial was too late for defendant to request appointed counsel, defendant did not object to this statement and did not request a continuance of the trial date in order to have the opportunity to have counsel appointed (assuming that he could prove that he was indigent).

¶ 32    For his assertion that an explicit ritual of offer and rejection was required for a valid waiver of counsel, defendant relies on *People v. Hessenauer*, 45 Ill. 2d 63 (1970). There, at a preliminary hearing, at the defendant's request, the trial court appointed counsel for him. The appointed attorney refused to take the case. A week later, at his arraignment, the defendant, still uncounseled, pleaded guilty. The judge admonished him that he would be giving up his right to a trial at which he would have the right to counsel. The defendant persisted in his plea, and the court entered judgment accordingly. *Id.* at 65.

¶ 33    Later, the defendant filed a postconviction petition alleging that, because he had been denied counsel at his arraignment, his guilty plea was invalid. *Id.* at 64. The trial court denied the petition, but the supreme court reversed. The reason was that, when the defendant was arraigned, "the judge made no inquiry concerning the absence of the attorney he had appointed and did not ask the defendant whether he wished to proceed without counsel." *Id.* at 67. The judge did not inform the defendant that he had the right to counsel at the arraignment. *Id.*

¶ 34    *Hessenauer* is distinguishable. Here, when defendant was arraigned, the trial court specifically asked him about the absence of an attorney, and he responded that he currently had private counsel. There was no need for the court to "offer" defendant appointed counsel. On the morning of trial, defendant had private counsel, and he had never requested appointed counsel. When the court told him that it was too late to request appointed counsel, defendant did not object or request a continuance; he proceeded directly to trial. *Hessenauer* simply has nothing to do with this case, and defendant reads its language completely out of context.

¶ 35    We turn to defendant's next contention of error in regard to Rule 401(a)(3). He asserts that the trial court erred in accepting his decision to discharge Lancaster without first ascertaining whether he was indigent. Again, defendant seeks to hold the trial court to an obligation that Rule

401 did not impose. Defendant cites section 113-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3(b) (West 2016)) but does not explain its pertinence. Section 113-3(b) states that, *at arraignment*, if the trial court determines that the defendant is indigent and desires counsel, it shall appoint the public defender and, if the defendant requests court-appointed counsel, the court shall require a financial affidavit from him. These requirements have no pertinence to defendant's request on the morning of trial to discharge his private attorney and proceed *pro se*.

¶ 36    Defendant also cites *People v. Ellis*, 309 Ill. App. 3d 443, 446 (1999), again without any attempt to explain its pertinence. There is none. In *Ellis*, the defendant twice appeared *pro se* and requested the appointment of counsel. He provided proof that he was indigent. The court refused his requests. Eventually, he waived his right to counsel and was convicted. The appellate court held that the court had abused its discretion under section 113-3(b) by refusing defendant's request for appointed counsel despite his indigency. The court did not decide his claim that he was not properly admonished under Rule 401(a). *Id.* at 446-47. Defendant also string-cites several other opinions without explaining their pertinence. We note only that these opinions have no pertinence either.

¶ 37    Finally under part (1) of his first claim of error, defendant contends that the trial court failed to inquire into why he wanted to discharge Lancaster. Again, defendant reads a nonexistent command into Rule 401. Although it might have been desirable for the court to ask defendant why he wanted to discharge his attorney, the court's decision not to do so did not violate Rule 401.

¶ 38    Part (1) of defendant's first claim of error fails.

¶ 39    In part (2) of his first claim of error, defendant contends that the trial court abused its discretion in finding that his waiver was knowing and voluntary. We shall first address his second claim of error, that the court did not comply with Rule 401(a)(2). This claim, like part (1) of

defendant's first claim, relates to compliance with Rule 401(a) and is bound up with the separate issue of whether defendant's counsel waiver was knowing and voluntary.

¶ 40    On the Rule 401(a)(2) claim, defendant observes that the trial court was required to admonish him of the minimum and maximum sentences, including any enhancement based on his prior convictions. Ill. S. Ct. R. 401(a)(2). Defendant contends that the court failed in this regard, because it stated that the charge of aggravated criminal sexual abuse was a Class 2 felony punishable by 3 to 7 years' imprisonment or, based on defendant's prior convictions, an extended-term sentence of 7 to 14 years, plus a 2-year period of MSR. See 730 ILCS 5/5-4.5-35(a), (*l*). In reality, as the court recognized much later at sentencing, the Class X sentencing range was required based on defendant's prior convictions. *Id.* § 5-4.5-95(b). The Class X sentencing range was 6 to 30 years' imprisonment, with a required 3-year MSR period. *Id.* § 5-4.5-25(a), (*l*).

¶ 41    We agree with defendant that the court did not properly admonish him of the maximum sentence for aggravated criminal sexual abuse. We note that, although defendant waived a reading of the charges, the information and the amended information alleged that aggravated criminal sexual abuse was a Class 2 felony and did not mention the mandatory Class X enhancement.

¶ 42    The court's error does not necessarily merit relief, because defendant must show prejudice. See *Wright*, 2017 IL 119561, ¶ 41. An inaccurate statement of the maximum sentence does not in itself demonstrate a lack of substantial compliance or invalidate a waiver of counsel.

¶ 43    In *Wright,* the defendant was charged with armed robbery with a firearm. In admonishing the defendant before allowing him to represent himself, the trial court stated that, because of his criminal background, he faced a maximum extended-term prison sentence of 60 years. The court accepted defendant's counsel waiver. *Id.* ¶¶ 3-7. The defendant was found guilty. At sentencing,

the State informed the court that the maximum sentence was actually 75 years, but it requested a 60-year sentence. The court sentenced the defendant to 50 years. *Id.* ¶ 32.

¶ 44    On appeal, the defendant contended that he was entitled to a new trial because the trial court's admonishments had not complied with Rule 401(a)(2). The appellate court agreed. It held that the deficiency was prejudicial in the absence of a recognized exception. *Id.* ¶ 33; see *People v. Wright*, 2015 IL App (1st) 123496, ¶¶ 43-47, 51.

¶ 45    The supreme court reversed the appellate court, holding that the admonishments substantially complied with Rule 401(a). The court noted initially that "[e]ach case *** must be evaluated on its own particular set of facts." *Wright*, 2017 IL 119561, ¶ 54. In the case before it, the admonishments had been correct except for the understatement of the maximum sentence. Further, the defendant had insisted repeatedly on proceeding *pro se*; his reason for doing so, the desire for a speedy trial, was unrelated to the possible maximum sentence; and the defendant had not even asserted that he would have accepted counsel had he been admonished correctly about the maximum sentence. Finally, the State requested the imposition of a 60-year sentence and the trial court actually imposed a 50-year sentence. *Id.* ¶¶ 55-56.

¶ 46    In *People v. Maxey*, 2018 IL App (1st) 130698-B, the defendant was charged with residential burglary, a Class 1 felony. Initially, he was represented by the public defender but, early in the proceedings, the trial court allowed him to represent himself. About nine months later, after a hearing at which the court denied his motion to suppress evidence, it granted his request to appoint counsel, and the public defender represented him through sentencing. Based on his prior offenses, he was sentenced as a Class X offender to 20 years' imprisonment.

¶ 47    On appeal, the defendant contended in part that the trial court had committed plain error by failing to comply strictly with Rule 401(a). Specifically, he argued, the court admonished him

that the sentencing range was that for a Class 1 felony, 4 to 15 years' imprisonment. The appellate court held that the trial court had substantially complied with Rule 401(a) and that the defendant's waiver had been knowing and voluntary. The appellate court noted that the trial court had thoroughly questioned the defendant and had made no misstep other than failing to admonish him of the Class X sentencing range; that the defendant had considerable experience with the criminal justice system, including one partially successful instance of self-representation; that he repeatedly and adamantly insisted on self-representation even though the court warned him of the inherent dangers; and that he had been represented by counsel, who appeared at the hearing where the defendant requested to proceed *pro se*. *Id.* ¶¶ 44-48. Further, at the hearing on his motion to suppress, the defendant had demonstrated a "degree of legal sophistication." *Id.* ¶ 52.

¶ 48    Finally, the court rejected the defendant's contention that plain error was demonstrated by the fact that the trial court sentenced him to 20 years, outside the Class 1 range. The court reasoned that the 20-year sentence was in no way based on the waiver of counsel; it resulted from the trial court's consideration of the defendant's extensive criminal history. *Id.* ¶ 82.

¶ 49    In *People v. Herndon*, 2015 IL App (1st) 123375, the defendant was initially represented by appointed counsel. After about a year, he sought to discharge the attorney because they disagreed on trial strategy. In admonishing the defendant, the trial court told him that the Class 1 drug offense with which he was charged subjected him to a sentencing range of 4 to 15 years but that, based on his record, he might be sentenced to an extended term of 15 to 30 years. The court did not mention the possibility of Class X sentencing. The court allowed the defendant to represent himself. About 15 months later, he requested and was appointed counsel. *Id.* ¶¶ 4-7. At a jury trial, defendant was found guilty. At sentencing, the State told the court that, by statute, the defendant

must be sentenced as a Class X offender. The court sentenced him, as a Class X offender, to a 10-year prison term. *Id.* ¶¶ 19-20.

¶ 50    On appeal, the defendant contended in part that the trial court committed plain error by failing to admonish him of the required Class X sentencing. The appellate court disagreed. The court noted the trial court had admonished the defendant that the maximum possible sentence was 30 years, which was correct, although based on the possibility of an extended-term sentence and not on Class X sentencing. The court need not have mentioned "the specific class of offense for which he [would] be sentenced." *Id.* ¶ 33. It had substantially complied with Rule 401(a). *Id.*

¶ 51    We apply the foregoing case law here. In doing so, we may address both defendant's claim that the trial court did not substantially comply with Rule 401(a)(2) and his claim that he did not knowingly and voluntarily waive his right to counsel.

¶ 52    In any event, the record supports the court's exercise of its discretion in finding that defendant knowingly and voluntarily waived his right to counsel. Defendant had been represented by retained counsel, and his considerable experience with the criminal justice system undoubtedly had acquainted him with the existence and nature of the right to counsel. Although he delayed until the morning of trial to request self-representation, he stated unequivocally that that was what he wanted, and he persisted in his request even after the trial court's warnings of the dangers of proceeding without counsel. Defendant did not object to the court's statement that it was too late to seek the appointment of the public defender, and he did not move for a continuance to address his options. Instead, he proceeded directly to trial. Although we have not detailed the trial proceedings, we agree with the State that defendant's conduct of his defense reflected a fair degree

of acquaintance with the rules of procedure and evidence and indicate that his decision was not casual.

¶ 53    Defendant does not contend that the trial court's failure to admonish him that a conviction of aggravated criminal sexual abuse would result in Class X sentencing influenced his decision to represent himself. In contending that the incorrect admonishment invalidated his waiver of counsel, defendant relies primarily on *People v. Koch*, 232 Ill. App. 3d 923 (1992). There, at his initial appearance in court after being charged with deceptive practices, the defendant stated that he wished to waive counsel and plead guilty. The trial court refused the request. Four days later, however, the defendant repeated his request. The court briefly admonished him and told him, in pertinent part, that he would face a sentence of not less than one year and not more than three years. The court then accepted the counsel waiver. The court turned to the guilty-plea admonishments, mentioning for the first time that he might face an extended-term sentence of three to six years. The defendant stated that he understood, and the court accepted his plea. *Id.* at 924-25. At a sentencing hearing the next month, the court imposed an extended-term sentence of five years. The defendant moved to withdraw his plea, arguing that the court had accepted his counsel waiver without first informing him of the possible extended-term sentence. The court denied the motion. *Id.* at 926.

¶ 54    The appellate court reversed and remanded. Writing 15 years before *Wright*, the court explained that it had long required strict compliance with Rule 401, with a "narrow exception *** in a case in which the defendant possessed a high level of legal sophistication." *Id.* at 927. The court also conceded that "[u]nder very limited circumstances" involving incorrect admonishments about the *minimum* sentence, the supreme court had approved substantial compliance. *Id.* However, the trial court had sentenced the defendant to two years more than what it had told him

was the maximum, and the defendant had no special legal sophistication. *Id.* The admonishment that came after the counsel waiver was too late to cure the defect. *Id.* The court laid down a categorical rule that, "when ** a defendant is given a sentence in excess of the maximum he was informed of at the time he waived counsel, *** the defendant's waiver of counsel can *never* be valid." (Emphasis in original.) *Id.* at 928.

¶ 55    *Koch*'s continuing validity is suspect; even were strict compliance the general rule in 2002, it is not today. In any event, *Koch* is distinguishable. Although Class X sentencing allowed a longer sentence than the 14 years that the court's admonishments mentioned, the court actually imposed a shorter sentence, 13 years. Class X sentencing, including the three-year term of MSR, was mandatory, and, as noted, there is no basis to theorize that the incorrect admonishment had any influence on defendant's decision to waive counsel.

¶ 56    The trial court did not abuse its discretion in finding that defendant properly waived his right to counsel. Defendant has not shown plain error, and the judgment must stand.

¶ 57                                    III. CONCLUSION

¶ 58    For the reasons stated, we affirm the judgment of the circuit court of Lee County.

¶ 59    Affirmed.