NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170623-U

NO. 4-17-0623

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 8, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| SHAWN M. BAHRS, | ) | No. 11CF204 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed, concluding defendant's postconviction petition
made a substantial showing of a constitutional violation where appellate counsel
was ineffective in failing to raise (1) defendant's aggregate consecutive sentence
of 33 years' imprisonment and (2) the trial court's inadequate *Krankel* inquiry.

¶ 2    In June 2017, defendant, Shawn M. Bahrs, filed a second amended postconviction

petition.  The following month, the State filed a motion to dismiss defendant's petition.  In

August 2017, the trial court granted the State's motion and dismissed defendant's second

amended postconviction petition.

¶ 3    Defendant appeals, arguing the trial court erred in granting the State's motion to

dismiss where his second amended postconviction petition made a substantial showing of a

constitutional violation.  Specifically, defendant alleges he was denied the effective assistance of

appellate counsel in his direct appeal, where counsel failed to (1) argue reclassification of his Class 1 felony aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(2)(D) (West 2010)) to a Class 2 felony pursuant to section 11-501(d)(2)(C) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501(d)(2)(C) (West 2010)) rendered his aggregate consecutive sentences in excess of those permissible pursuant to section 5/5-8-4 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-8-4(f)(2) (West 2014)) and (2) raise a claim defendant was denied an adequate *Krankel* hearing. For the following reasons, we reverse the judgment of the trial court and remand with instructions.

¶ 4                                    I. BACKGROUND

¶ 5          This matter has been before this court numerous times. See *People v. Bahrs*, 2013 IL App (4th) 110903, 988 N.E.2d 773 (*Bahrs I*); *People v. Bahrs*, 2014 IL App (4th) 121029-U (*Bahrs II*); *People v. Bahrs*, 2015 IL App (4th) 130697-U (*Bahrs III*); *People v. Bahrs*, 2015 IL App (4th) 130943-U (*Bahrs IV*); and *People v. Bahrs*, No. 4-15-0751 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (*Bahrs V*). Accordingly, we set forth only the facts necessary to resolve this appeal.

¶ 6                          A. Verdict and Posttrial Motions

¶ 7          In July 2011, a jury found defendant guilty of aggravated driving under the influence (DUI) of alcohol (count I) (625 ILCS 5/11-501(a)(2), (d)(2)(D) (West 2010)), a Class 1 felony, driving while his driver's license was revoked (count II) (625 ILCS 5/6-303(a-5) (West 2010)), a Class 4 felony, and aggravated fleeing (count III) (625 ILCS 5/11-204.1(a)(4) (West 2010)), a Class 4 felony. In August 2011, defendant *pro se* filed a "Motion For A New Trial," alleging he was denied the effective assistance of trial counsel. Defendant filed various other *pro se* posttrial motions. In September 2011, defense counsel filed a motion for a *Krankel*

hearing, incorporating defendant's claims from his *pro se* motion for new trial. The following day, the trial court held a hearing on defendant's pending posttrial motions.

¶ 8        The trial court began by addressing defendant's claims of ineffective assistance of counsel. Defense counsel explained that some of defendant's specific complaints were strategic decisions. The State answered the court's question about a witness defendant alleged defense counsel should have called as a corroborating witness. The court denied the motion. Defense counsel indicated she did not adopt defendant's other *pro se* posttrial motions and the court declined to consider those motions. The court asked if anything further needed to be addressed prior to sentencing and defendant said, "Excuse me." The court responded, "No. You be quiet." When defendant asked why, the court stated, "You'll have your chance to speak. It is not now." Defendant then stated he wished to fire his attorney.

¶ 9                              B. Sentencing and Direct Appeal

¶ 10        Defendant subsequently proceeded through sentencing *pro se*. At the conclusion of arguments, the trial court stated:

> "I listened to all of the evidence at trial, and I have
> considered the evidence and the arguments presented today. I have
> considered all of the appropriate factors in aggravation and in
> mitigation, and I will make a few comments regarding the
> evidence prior to pronouncing the sentence in this case.
>
>                        ***
>
> I listened to a trooper and [d]eputy [s]heriffs testify about
> how frightened they were for the general public while you drove
> multiple people off the road and while you went through eight

separate traffic control devices including some of the [busiest] intersections in Champaign-Urbana. It's a miracle you didn't kill somebody, and it's a miracle you didn't kill yourself. You are absolutely a danger to the public."

Due to his prior convictions, section 5-4.5-95 of the Corrections Code (730 ILCS 5/5-4.5-95(b) (West 2010)) required the court to sentence defendant as a Class X offender. The court sentenced defendant to 30 years' imprisonment on count I, 3 years' imprisonment on count II, and 3 years' imprisonment on count III, ordering counts I and II concurrent to each other and count III consecutive to counts I and II. Regarding defendant's consecutive sentence, the court explained:

"The Court makes the specific finding with respect to 730 ILCS 5/5-8-4(c), 'if, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is the opinion of the Court that consecutive sentences are required to protect the public from further criminal conduct by the defendant, the basis for which the Court shall set forth in the record.' I have set forth such basis. The felony aggravated fleeing and eluding demonstrates that this Defendant is a danger to the public, demonstrates that this Defendant will continue to be a danger to the public should he remain free."

¶ 11 On appeal, this court remanded for resentencing where defendant received an inadequate admonishment when he waived counsel for sentencing. *Bahrs I*, 2013 IL App (4th) 110903. On remand, defendant, represented by counsel, received identical sentences. Following

resentencing defendant appealed, and this court affirmed but directed the trial court to amend the mittimus to show the aggravated DUI was a Class 2 felony, rather than a Class 1 felony. *Bahrs III*, 2015 IL App (4th) 130697-U. An amended mittimus issued July 30, 2015.

¶ 12                                C. Postconviction Proceedings

¶ 13          Defendant filed a *pro se* petition for postconviction relief that was summarily dismissed more than 90 days after its filing. On appeal, we remanded for second-stage proceedings. *Bahrs IV*, 2015 IL App (4th) 130943-U. On remand, counsel for defendant filed an amended postconviction petition and the trial court again summarily dismissed the postconviction petition. On appeal, this court again remanded for second-stage proceedings. *Bahrs V*, No. 4-15-0751 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 14          In June 2017, defendant filed a second amended postconviction petition. In addition to incorporating arguments made in prior iterations of his petition, defendant alleged ineffective assistance of trial counsel, where counsel failed to argue that the maximum consecutive term defendant was eligible to be sentenced to was the maximum sum of the two-most serious felonies involved: a Class 2 felony DUI (625 ILCS 5/11-501(d)(2)(C) (West 2010)), and a Class 4 aggravated fleeing (625 ILCS 5/11-204.1(a)(4) (West 2010)). Additionally, defendant alleged the trial court refused to conduct an adequate *Krankel* hearing, thus violating his due process rights, and alleged ineffective assistance of appellate counsel for not raising these issues on appeal.

¶ 15          In July 2017, the State filed a motion to dismiss defendant's second amended postconviction petition. Following an August 2017 hearing, the trial court granted the State's motion and ordered the petition dismissed.

¶ 16    This appeal followed.

¶ 17                              II. ANALYSIS

¶ 18    Defendant appeals, alleging he was denied the effective assistance of appellate counsel in his direct appeal, where counsel failed to (1) argue reclassification of his Class 1 felony aggravated DUI (625 ILCS 5/11-501(d)(2)(D) (West 2010)) to a Class 2 felony pursuant to section 11-501(d)(2)(C) of the Vehicle Code (*id.* § 501(d)(2)(C)) rendered his aggregate consecutive sentences in excess of those permissible pursuant to section 5-8-4 of the Corrections Code (730 ILCS 5/5-8-4(f)(2) (West 2010)) and (2) raise a claim defendant was denied an adequate *Krankel* hearing following trial.  We agree.

¶ 19                          A. Standard of Review

¶ 20    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010).  A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371.  The defendant must show he suffered a substantial deprivation of his federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 21    At the second stage, the trial court may appoint counsel who may amend the petition to ensure the defendant's contentions are adequately presented. *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006).  Also, at the second stage, the State may file an answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2012).  A petition may be dismissed at the second stage "only when the allegations in the petition, liberally construed in

light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334, 841 N.E.2d 913, 920 (2005).

¶ 22 If a substantial showing of a constitutional violation is established, "the petition proceeds to the third stage for an evidentiary hearing." *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007). In this case, the State filed a motion to dismiss, and the court granted the motion. We review the trial court's second stage dismissal *de novo*. *Pendleton*, 223 Ill. 2d at 473.

¶ 23 In order to prevail on a claim of ineffective assistance, the defendant must show that (1) counsel's performance fell "below an objective standard of reasonableness" and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant's claim will fail if he cannot establish both prongs. *People v. Simms*, 192 Ill. 2d 348, 362, 736 N.E.2d 1092, 1106 (2000).

¶ 24 This standard applies equally when a defendant's claim is based on counsel's failure to raise a particular issue on appeal. *Id.* "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Easley*, 192 Ill. 2d 307, 329, 736 N.E.2d 975, 991 (2000). "A petitioner who contends that appellate counsel rendered ineffective assistance of counsel must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner." *People v. Childress*, 191 Ill. 2d 168, 175, 730 N.E.2d 32, 36 (2000). Accordingly, the reviewing court must examine the merits of the underlying issue to determine whether appellate counsel's failure to raise it arguably resulted in prejudice to the defendant. *Simms*, 192 Ill. 2d at 362. Prejudice is "a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* This is not a purely " 'outcome-determinative' " test; rather, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1164 (1999).

¶ 25                                    B. Excessive Aggregate Consecutive Sentences.

¶ 26            Defendant first argues his sentence must be reduced, alleging his offenses were committed as part of a single course of conduct, thus the maximum aggregate term of imprisonment should be 20 years; the total of the maximum extended terms available for a Class 2 felony (730 ILCS 5/5-4.5-35 (West 2010)) and a Class 4 felony (730 ILCS 5/5-4.5-45 (West 2010)).

¶ 27            Section 5-4.5-95 of the Corrections Code states:

        "(b) When a defendant, over the age of 21 years, is

        convicted of a Class 1 or Class 2 felony, after having twice been

        convicted in any state or federal court of an offense that contains

        the same elements as an offense now (the date the Class 1 or Class

        2 felony was committed) classified in Illinois as a Class 2 or

        greater Class felony and those charges are separately brought and

        tried and arise out of different series of acts, that defendant shall be

        sentenced as a Class X offender.  This subsection does not apply

        unless:

                (1) the first felony was committed after February 1,

        1978 (the effective date of Public Act 80-1099);

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second." 730 ILCS 5/5-4.5-95(b) (West 2010).

¶ 28 Section 5-8-4 of the Corrections Code states, in pertinent part:

"If, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is the opinion of the court that consecutive sentences are required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record.

* * *

For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective shall not exceed the sum of the maximum terms authorized under Article 4.5 of Chapter V for the 2 most serious felonies involved, but no such limitation shall apply for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." 730 ILCS 5/5-8-4(c)(1), (f)(2) (West 2010).

¶ 29 As defendant was eligible to be sentenced as a Class X offender, his present DUI carried a possible sentencing range of 6 to 30 years' imprisonment (730 ILCS 5/5-4.5-25(a)

(West 2010)). Defendant's convictions for aggravated fleeing (625 ILCS 5/11-204.1(a)(4) (West 2010)) and driving while his driver's license was revoked (*id.* § 6-303(a-5)), each Class 4 felonies, carried possible sentencing ranges of one-to-three years' imprisonment (730 ILCS 5/5-4.5-45(a) (West 2010)). As discussed, given defendant's undisputed previous convictions, section 5-4.5-95 of the Corrections Code (*id.* § 5-4.5-95(b)) gave the trial court authority to sentence him to 30 years' imprisonment as a Class X offender. Regardless of whether defendant's present DUI was classified as a Class 1 felony pursuant to section 11-501(d)(2)(D) or a Class 2 felony pursuant to section 11-501(d)(2)(C) of the Vehicle Code (625 ILCS 5/11-501(d)(2)(C), (d)(2)(D) (West 2010)), the court was required to sentence him as a Class X offender.

¶ 30        This does not end the inquiry in light of the Illinois Supreme Court's decision in *People v. Pullen*, 192 Ill. 2d 36, 733 N.E.2d 1235 (2000). Although defendant was eligible for Class X sentencing, that "does not change the character or classification of the felonies committed. A defendant who commits a Class 1 or Class 2 felony, even though he is subject to sentencing as a Class X offender pursuant to section 5-5-3(c)(8), still has only committed a Class 1 or Class 2 felony." *Id.* at 43. Here, defendant was sentenced to a 30-year term on the aggravated DUI and a consecutive 3-year term for aggravated fleeing. However, under the terms of section 5-8-4(f)(2), "the aggregate of consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective shall not exceed the sum of the maximum terms authorized under Article 4.5 of Chapter V for the 2 most serious felonies involved." 730 ILCS 5/5-8-4(f)(2) (West 2014). The maximum extended-term sentence available for a Class 2 felony is 14 years. *Id.* § 5-4.5-35(a). The maximum extended term sentence available for a Class 4 felony is 6 years.

*Id.* § 5-4.5-45(a). Although defendant was eligible for Class X sentencing, his maximum aggregate term for a consecutive sentence on his Class 2 and Class 4 felonies was 20 years. The supreme court acknowledged this result is "somewhat anomalous" because a defendant may be "eligible for a longer sentence if sentenced 'as a Class X offender' for a single crime than if he were subject to consecutive sentences for multiple crimes." *Pullen*, 192 Ill. 2d at 45. Nevertheless, the legislature has not changed the statute since the supreme court rendered its decision in *Pullen* and this anomalous result has occurred in this case.

¶ 31 We conclude defendant's 33-year aggregate sentence exceeded the maximum aggregate sentence of 20 years. Appellate counsel's failure to raise this issue on direct appeal was, therefore, objectively unreasonable. Moreover, defendant demonstrated prejudice because, had counsel raised this issue on appeal, defendant had a reasonable probability of having his sentence reduced. Defendant's postconviction petition made a substantial showing of a constitutional violation. However, we decline to remand and instead modify the judgment.

¶ 32 Defendant argues his 33-year consecutive term violates the 20-year maximum aggregate consecutive sentence and must be vacated and remanded for resentencing. However, the record plainly shows the trial court intended to sentence defendant to the maximum sentence available and the sentences were not mandatorily consecutive. The record reflects the court laid out its basis for imposing a 30-year term of imprisonment on defendant's aggravated DUI conviction. In consideration of the general public's safety, the court explained defendant being "absolutely a danger to the public" due to his driving "multiple people off the road and while [he] went through eight separate traffic control devices including some of the [busiest] intersections in Champaign-Urbana." The court further noted defendant's "felony aggravated fleeing and eluding demonstrates that this Defendant is a danger to the public, [and]

demonstrates that this Defendant will continue to be a danger to the public should he remain free." We therefore modify the judgment to make defendant's 3-year sentence for aggravated fleeing concurrent to the 30-year sentence for aggravated DUI. *People v. Jones*, 168 Ill. 2d 367, 377-78, 659 N.E.2d 1306, 1310 (1995) (holding that Illinois Supreme Court Rule 615(b)(4) authorizes a reviewing court to modify or reduce a criminal sentence).

¶ 33                                          C. *Krankel* Hearing

¶ 34            When confronted with a defendant's posttrial allegations of ineffective assistance of counsel, our supreme court set out the procedural steps to follow in *People v. Moore*, 207 Ill. 2d 68, 77-78, 797 N.E.2d 631, 637 (2003) (noting the rule that had developed since *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984)):

> "New counsel is not automatically required in every case in which a defendant presents a *pro se* posttrial motion alleging ineffective assistance of counsel. Rather, when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim. If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed."

¶ 35            A court can conduct an inquiry into allegations counsel was ineffective by doing one or more of the following: "(1) questioning the trial counsel, (2) questioning the defendant, and (3) relying on its own knowledge of the defense counsel's performance in the trial." *People*

*v. Peacock*, 359 Ill. App. 3d 326, 339, 833 N.E.2d 396, 407 (2005). An exchange with counsel or a defendant is not always required as "the trial court can base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Moore*, 207 Ill. 2d at 79. "[A] preliminary *Krankel* inquiry should operate as a neutral and nonadversarial proceeding." *People v. Jolly*, 2014 IL 117142, ¶ 38, 25 N.E.3d 1127. Accordingly, "the State should never be permitted to take an adversarial role against a *pro se* defendant at the preliminary *Krankel* inquiry." *Id.* "Where a defendant's claims are conclusory, misleading, or legally immaterial, or do not bring to the trial court's attention a colorable claim of ineffective assistance of counsel, the trial court may be excused from further inquiry." *People v. Bobo*, 375 Ill. App. 3d 966, 985, 874 N.E.2d 297, 315 (2007).

¶ 36　　　　In this case, the trial court asked defense counsel, whose performance defendant alleged was ineffective, about defendant's claims. Defense counsel asserted defendant's claims were matters of trial strategy. The court then turned to defendant's claim regarding counsel's failure to call a corroborating witness. The State replied that the witness would testify regarding alcohol bottles found in defendant's vehicle and defense counsel added defendant believed the witness would testify regarding his injuries. At no point did the trial court ask defendant about his claims of ineffective assistance. Indeed, the trial court denied defendant's *pro se* motions and asked if anything else needed to be addressed before sentencing defendant. Defendant attempted to explain his concerns and indicated his desire to fire the attorney he alleged provided ineffective assistance.

¶ 37　　　　The trial court failed to provide defendant an opportunity to explain the factual basis for his allegations of ineffective assistance and when defendant attempted to speak, the

court responded, "No. You be quiet," and "You'll have your chance to speak. It is not now."

Defendant's postconviction petition alleged appellate counsel was ineffective for failing to argue defendant was denied an adequate *Krankel* inquiry where the trial court silenced defendant when he attempted to raise his claims. It was objectively unreasonable for appellate counsel to fail to raise this issue. Had the issue been raised on appeal, defendant had a reasonable probability of this court remanding for an adequate inquiry into his claims of ineffective assistance. Defendant's postconviction petition demonstrated a substantial showing of a constitutional violation. Under these circumstances, we conclude defendant's remedy is remand for an initial *Krankel* inquiry where defendant can explain the bases for his claims. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

¶ 38                                    III. CONCLUSION

¶ 39            For the reasons stated, we reverse the trial court's judgment and remand with instructions.

¶ 40            Reversed and remanded.